[Civ. No. 11824.   Second Appellate District, Division Two.—August 25, 1938.]

IDA MAY TALBOT, Appellant, v. CITY OF PASADENA (a Municipal Corporation) et al., Respondents.

Martin E. Geibel for Appellant.

Harold P. Huls, City Attorney, and Thomas W. LeSage, Deputy City Attorney, for Respondents.

CRAIL, P. J.—This is an appeal from a judgment sustaining a demurrer to a fourth amended complaint without leave to amend.

This fourth amended complaint was a suit to recover trust funds alleged to be held for the benefit of plaintiff under charter provisions of the City of Pasadena regarding firemen's pension funds. The action is brought for the recovery of the pension due to the plaintiff, a widow of Edgar R. Talbot, a deceased fireman, who it is alleged died within one hundred days after injury as a result of a wetting received in extinguishing a fire, which brought on influenza and developed into bronchial pneumonia.

The complaint states a cause of action unless it be for the reasons set forth in the defendant's brief and which are hereinafter referred to.

The defendant first sets forth that the plaintiff has brought two prior actions to recover the same pension, numbers 319334 and 369043 of the superior court. The defendant says that the first of said cases was an application for a writ of *mandamus* which was tried in said court in July of 1932, and that after a full and fair hearing on the merits it was decided by said court that Edgar R. Talbot, deceased husband of the plaintiff herein, did not die as a result of injuries arising out of his employment as fireman of said city but that his death was proximately caused by a heart ailment of long duration and chronic condition, and that consequently the plaintiff is not entitled to the pension she is seeking to

recover on this appeal. The answer to this contention is that said facts do not appear upon the face of the complaint, and in order to get this defense before the trial court it will be necessary for the defendant to plead the prior adjudications.

The defendant's next contention is that as the plaintiff's suit was filed on April 15, 1936, and alleges that Edgar R. Talbot died on April 15, 1930, therefore that all claims for pension payments accruing more than three years prior to the time of filing the complaint are barred by the statute of limitations. The period of limitation prescribed by subdivision 1 of section 338 of the Code of Civil Procedure will run against a claim for accrued pension payments. (*Hermanson* v. *Board of Pension Commrs.*, 219 Cal. 622 [28 Pac. (2d) 21]; *Dryden* v. *Board of Pension Commrs.*, 6 Cal. (2d) 575 [57 Pac. (2d) 104].) From the allegations of the plaintiff's complaint all claims for pension payments accrued before April 15, 1933, would be subject to the bar of the statute of limitations. The fact that some of the payments may be barred does not justify an order sustaining the demurrer without leave to amend.

The defendant next contends that the fourth amended complaint fails to state a cause of action for the recovery of any claimed pension payments accruing after April 15, 1933, because said complaint does not allege that the claim for benefit, as to said subsequent accruals, was presented for payment to and rejected by the proper city authorities previous to suit as required by provisions of article XI, section 12, of the Pasadena city charter, Statutes of 1933, page 2783. The defendant thus seeks to divide the plaintiff's cause of action into two parts, the pension which it is alleged accrued prior to April 15, 1933, and the pension which it is alleged accrued thereafter, and contends that there is no new allegation of a demand upon the city for accruals which were subsequent to April 15, 1933. It is true that the claims provisions of a charter apply to applications for a pension. (*Dryden* v. *Board of Pension Commrs.*, *supra.*) Section 338, subdivision one, of the Code of Civil Procedure, the statute of limitations which applies, has nothing to do with the claims provisions of the city charter. The defendant cites us to no rule of law, and we know of none, which for the purposes of a demurrer would permit the dividing of a complaint by the statute of

limitations, so that any claims made for a pension prior to the accruals which would be barred by the statute of limitations are not applicable to those which would not be barred. The right, if any, to a pension is a continuing one. We do not understand that where the owner thereof has once made proper demand, and the claim is flatly rejected by the city, he must continue to make demands for the accruals on said pension.

The defendant next contends that the plaintiff's sole remedy for the recovery of any claim for pension would be to bring a *mandamus* proceeding, and it cites the case of *Sheehan* v. *Board of Police Commrs.*, 188 Cal. 525 [206 Pac. 70]. In that case the court said: "The Board of Police Commissioners, whether acting directly as such or acting *ex officio* as a board of police relief and pension fund commissioners, . . . has no separate existence and is incapable of either suing or being sued, except as it may be required as an official body by *mandamus* to perform its official duties, or except as its official action may be compelled or enjoined in some other special proceeding." This contention appears to be sound as to the fire and retirement board of the City of Pasadena and as to all other defendants except the City of Pasadena itself. As to all of said defendants except the said city the order of the court sustaining the demurrer without leave to amend will be affirmed.

The defendant's final contention is that the plaintiff's complaint is defective because it does not allege any facts justifying the six-year delay which appears upon the face thereof and that the action is barred by laches, citing *Ewald* v. *Kierulff*, 175 Cal. 363 [165 Pac. 942], and other cases. The answer is that the plaintiff's right to a pension, if any, is a continuing one and that laches would not apply to the accrual, for instance, which occurred in the last month prior to the commencement of the action.

For the reasons stated, the judgment is reversed as to the City of Pasadena and affirmed as to all other defendants. Appellant to recover costs against the city and no other costs to be allowed.

Wood, J., concurred.