VERNE C. BARNEY, APPELLEE, V. CITY OF LINCOLN, APPELLANT.

13 N. W. 2d 870

FILED MARCH 31, 1944. No. 31708.

*Max Kier* and *A. A. Whitworth,* for appellant.

*Maxwell V. Beghtol* and *J. Lee Rankin, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

Plaintiff commenced this action to recover pension benefits from the city of Lincoln by virtue of the provisions of sections 2439 and 2441, Comp. St. 1922. From a verdict for $4,093.87, and a judgment entered thereon, the defendant appeals.

The record shows that plaintiff entered the employ of the city of Lincoln as a paid fireman on December 10, 1923, and remained continuously in that employment until November 18, 1928, at which time he alleges that he became totally and permanently disabled as the result of an injury received in line of duty. For the purposes of this opinion it will be assumed that the plaintiff was so disabled on and after November 18, 1928.

The record further discloses that on July 27, 1942, plaintiff filed his application for a pension with the defendant, which application was disallowed on November 30, 1942. On December 12, 1942, this action was filed. The defendant, among other defenses not material to this decision, pleaded the statute of limitations. Since a proper application of the statute of limitations controls the result, we will confine our discussion to that question.

The liability, if any, of the defendant arises by virtue of the provisions of sections 2439 and 2441, Comp. St. 1922. Consequently, it is a liability created by statute governed by the following provisions of our general statute on the subject of limitations of actions:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued." Comp. St. 1929, sec. 20-204.

"Within four years, an action upon a contract, not in writing, expressed or implied; an action upon a liability created by statute, other than a forfeiture or penalty." Comp. St. 1929, sec. 20-206.

Defendant urges that plaintiff's right of action accrued on November 18, 1928, and that unless action be commenced within four years thereafter it is barred. We think the defendant's position is correct.

An authoritative text states the rule as follows: "As in other cases generally, the cause of action upon a claim for a pension accrues when a suit may be maintained thereon, and the statute of limitations begins to run at that time. It may be observed, in this connection, that an action to determine the existence of the right to a pension necessarily precedes and is distinct, as regards the commencement of the period of limitation, from an action to recover instalments which have fallen due after the pension has been granted. The view taken in some cases is that liability for the payment of a pension is to be regarded as an obligation created by statute within the operation of a general statute of limitations." 40 Am. Jur. 991.

The foregoing rule was correctly applied in *Dillon v. Board of Pension Commissioners*, 18 Cal. 2d 427, 116 Pac. 2d 37, wherein the court in a similar case said:

"The right to receive periodic payments under a pension is a continuing one (see *Dryden v. Board of Pension Commrs.*, 6 Cal. (2d) 575 [59 Pac. (2d) 104]), and any time limitation upon the right to sue for each instalment necessarily commences to run from the time when that instalment actually falls due. Before plaintiff can claim these periodic payments, however, she must establish her right to a pension. If the Board of Pension Commissioners refuses to acknowledge this right upon application, she can properly bring an action of *mandamus* in the superior court to review the soundness of the board's decision, and to establish as a matter of law that she is entitled to the status of a pensioner. * * * An action to determine the existence of the right thus necessarily precedes and is distinct from an ac-

tion to recover instalments which have fallen due after the pension has been granted.

"A cause of action accrues when a suit may be maintained thereon, and the statute of limitations therefore begins to run at that time. * * * The cause of action to establish the right to a pension accrued to plaintiff at the time of her husband's death. At any time following the death she could demand a pension from the board and upon refusal could maintain a suit to enforce such action. The city charter requires an application to the board before court proceedings can be instituted, but it is established in California that a claimant cannot delay the running of the statute of limitations by postponing the time of demand upon the proper officials; the statute therefore begins to run at the time when the plaintiff first had the power to make such demand."

For a review of the cases on this subject see 136 A. L. R. 809. See, also, *Lund v. Minneapolis Fire Department Relief Assn.,* 137 Minn. 395, 163 N. W. 742, and *Nicols v. Board of Police Pension Fund Commissioners,* 1 Cal. App. 494, 82 Pac. 557.

It appearing from the record that plaintiff became totally and permanently disabled on November 18, 1928, his cause of action against the defendant accrued at that time. No action having been commenced within four years thereafter, the statute of limitations bars a recovery.

The plaintiff cites *Dryden v. Board of Pension Commissioners,* 6 Cal. 2d 575, 59 Pac. 2d 104, and *Gaffney v. Young,* 200 Ia. 1030, 205 N. W. 865, and other cases of similar import, to sustain his position that the right to a pension is a continuing right and that the statute of limitations operates only on payments more than four years past due at the time of the commencement of the suit. We do not think the reasoning which supports these opinions is sound as we will endeavor to point out.

In the first place, it is evident that if the *Dryden* case holds as the plaintiff contends, and we think it does, it has been receded from by the California court in subsequent

cases. The *Dryden* case appears to have been followed in *Talbot v. City of Pasadena,* 28 Cal. App. 2d 271, 82 Pac. 2d 483. In *Dillon v. Board of Pension Commissioners, supra,* the latest California case on the subject, the *Talbot* case was expressly disapproved. The dissent filed in the *Dillon* case evidences the fact that the same contentions were advanced by the plaintiff in that case as here, the *Dryden* and *Talbot* cases being cited in support thereof, and the court rejected them in favor of the rule which we have heretofore cited from the *Dillon* case. We conclude therefore that the latest expression of the California supreme court does not sustain the position of the plaintiff where the facts are such as we have before us in the present case.

A pension law which provides for the payment of benefits based upon the monthly earnings of an employee, to be paid monthly upon the death, disability or retirement of the employee, does not create a continuing liability. The liability for the payment of the pension accrues when the events stated in the law occur which entitle the employee to a pension. In the present case, the liability accrued when plaintiff became totally and permanently disabled on November 18, 1928, and the statute of limitations began to run at that time. The fact that such liability is to be discharged under the provisions of the statute by monthly payments for the remainder of the life of the employee entitled thereto does not make the liability a continuing one in the sense that a new liability is created from day to day or month to month. An example of a continuing liability is where a person contracts to support another during his lifetime. In such case, every day that support is not afforded constitutes a breach, —the liability continues to exist up to the very day of the decease of the person to be supported. No analogous situation exists where the liability accrued by the happening of a certain event and the discharge of the liability thus accruing is by statute made payable by monthly installments during the remainder of the lifetime of the beneficiary.

Where the right to a pension has been established by agreement or by suit, then, of course, the statute of limita-

tions becomes operative upon each monthly payment or installment as it accrues. *State ex rel. Delaney v. Holmes,* 5 Ohio App. 1; *Dillon v. Board of Pension Commissioners, supra.*

We conclude therefore that, if a city within the scope of the pension statute here involved refuses or neglects to place an employee on the pension rolls after the event is alleged to have happened which brings him within the act, the statute of limitations commences to run against the employee and will constitute a complete bar at the end of four years. In the present case, plaintiff's cause of action accrued on November 18, 1928, the date he became totally and permanently disabled. No action having been commenced within four years from that date, no enforceable claim exists when the statute of limitations is pleaded as a defense.

REVERSED AND DISMISSED.