849 F.2d 1076
 Michael D. BRIDGEMAN, Appellant,
v.
NEBRASKA STATE PEN; Douglas County Jail; State of
Nebraska, et al.; Sgt. Whitmore, Douglas County Sheriff;
George Whitmore, Sergeant; Gregory L. Clemens, Deputy;
Douglas County, Nebraska; Appellees,
John Doe, an Employee of the Department of Corrections;
Jack Doe, a Douglas County Corrections Officer; Appellee.
Charles G. Black; Robert Parratt and James Doe, Acting
Warden of the Nebraska State Penitentiary, Individually.
 No. 87-1856.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 27, 1988.
Decided June 14, 1988.
 
 David R. Stickman, Omaha, Neb., for appellant.
 Henry L. Wendt, Omaha, Neb., for appellees.
 Before BEAM, Circuit Judge, BRIGHT and HENLEY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael D. Bridgeman appeals from the district court's[1] order granting appellees' motion for summary judgment on the ground that Bridgeman's 42 U.S.C. Sec. 1983 complaint was time-barred. For reversal, Bridgeman argues that a genuine issue exists as to whether the applicable statute of limitations was tolled by his alleged mental disorder. For the reasons stated herein, we affirm.
 
 
 2
 Bridgeman instituted this action on September 15, 1986, alleging that on June 30, 1981 he was illegally interrogated and detained by appellees, various officials of Douglas County, Nebraska, in violation of his constitutional rights.[2] Bridgeman sought recovery for damages sustained during his detention and subsequent incarceration.
 
 
 3
 Appellees filed a motion to dismiss in which they asserted that the action was barred by the applicable statute of limitations, Neb.Rev.Stat. Sec. 25-207 (1985), because the grounds alleged in the complaint did not accrue within four years before the commencement of the action. Attached to the motion was a psychological evaluation of Bridgeman dated October 19, 1981. Bridgeman responded by affidavit stating that the psychological evaluation raised a genuine issue of material fact as to whether his alleged mental disorder, both at the time his cause of action accrued and thereafter, tolled the statute of limitations.
 
 
 4
 The district court converted appellees' motion into a motion for summary judgment, which it granted. The court concluded that Bridgeman's suit was governed by the four-year personal injury statute of limitations contained in Neb.Rev.Stat. Sec. 25-207. The court then determined that pursuant to Nebraska's tolling statute, Neb.Rev.Stat. Sec. 25-213 (1985),[3] the statute of limitations was tolled during the period of Bridgeman's confinement (June 30, 1981 through August 25, 1982). Hence, the court determined that to have been timely, the suit should have been filed on or before August 25, 1986.
 
 
 5
 The court found no evidence supporting Bridgeman's assertion that the statute should have been tolled for a longer period because of his alleged mental disorder. Specifically, the court found that the evaluation did not suggest that Bridgeman was unable to understand his legal rights, nor had Bridgeman offered any evidence suggesting otherwise. Finally, the court rejected Bridgeman's argument that his functional illiteracy brought him within the tolling statute. This appeal followed.
 
 
 6
 Section 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose. Wilson v. Garcia, 471 U.S. 261, 277-80, 105 S.Ct. 1938, 1947-50, 85 L.Ed.2d 254 (1985). Having considered the analysis set forth in Chevron Oil Co. v. Huson, 404 U.S. 97, 106-07, 92 S.Ct. 349, 355-56, 30 L.Ed.2d 296 (1971), we conclude that Wilson should be applied retroactively to Bridgeman's claim. See Wycoff v. Menke, 773 F.2d 983, 986 (8th Cir.1985), cert. denied, 475 U.S. 1028, 106 S.Ct. 1230, 89 L.Ed.2d 335 (1986).
 
 
 7
 The use of a state's statute of limitations also requires the use of its tolling statutes and the operation thereof is governed by state law. Wilson, 471 U.S. at 269, 105 S.Ct. at 1943; Chandler v. Presiding Judge, 838 F.2d 977, 979 (8th Cir.1988). Clearly, pursuant to Neb.Rev.Stat. Sec. 25-213, Bridgeman's detention from June 30, 1981 through August 25, 1982 tolled the running of the statute during this period. In support of his assertion that the statute of limitations should have been tolled for an additional period, Bridgeman maintains that the psychological evaluation creates a genuine dispute as to his mental competency. We disagree.
 
 
 8
 Although the evaluation states that Bridgeman had a personality disorder, it also indicates that he adjusted well to the institutional setting and that his personality type tended to have normal interests, patterns of work and hobbies. Relatedly, the record contains a reclassification report which indicates that Bridgeman's adjustment within the institution continued to be good, that he related well with other persons, and that he had involved himself in the prison's chemical dependency program. Finally, upon his arrest, Bridgeman gave a statement in order to receive a reduced charge, evincing his awareness of the workings of the criminal system.
 
 
 9
 In these circumstances, we agree that there is no evidence indicating that Bridgeman was suffering from insanity or a condition of mental derangement within the meaning of Nebraska's tolling statute. See Sacchi v. Blodig, 215 Neb. 817, 821, 341 N.W.2d 326, 330 (1983) ("insanity" as used in the context of Nebraska's tolling statute is defined as "such condition of mental derangement which actually prevents the sufferer from understanding his or her legal rights or instituting legal action"). Hence, we conclude that the record, when viewed in the light most favorable to Bridgeman, Fed.R.Civ.P. 56(c); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984), does not demonstrate the existence of a genuine issue of material fact.
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska
 
 
 [2]
 Bridgeman was arrested for burglary on June 30, 1981. While at the sheriff's headquarters, he was interrogated despite the invocation of his right to remain silent, in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). As a result, his conviction was reversed by the Nebraska Supreme Court in State v. Bridgeman, 212 Neb. 469, 472, 323 N.W.2d 102, 103 (1982), and he was later released from prison
 
 
 [3]
 The Nebraska Legislature amended Sec. 25-213, effective July 17, 1986, by substituting the words "a person with a mental disorder" for the word "insane" used in the statute. Neb.Rev.Stat. Sec. 25-213 (Cum.Supp.1986). The district court applied the earlier version of the statute which was in effect at the times relevant here