960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Rodney CARR, Appellant,
v.
Dale RILEY; Carl White, Superintendent; Donald Wyrick,
Warden; Bill Armontrout; George Adams; James Eberle; Tom
Davis; Earl Bays; Robert E. Borghardt; Donald H. Beckley;
Robert Wilson; Denver Haley; Willie J. Dennis; John Doe, I
XXV; Jane Doe, I XXV, Appellees.
 No. 91-3540.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 20, 1992.
April 29, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rodney Carr, a Missouri inmate, appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 action as time-barred. We affirm.
 
 
 2
 In May 1991 Carr filed the instant action against various prison officials for alleged violations of his constitutional rights during and after a prison riot in 1983 in which a guard was fatally stabbed.[2] Carr alleged that he was physically and mentally abused and threatened during the several-day period following the riot. Carr also claimed that, "[o]ver the next couple of years," he was threatened with further abuse if he complained of these matters and was given preferential treatment and prison jobs to keep him quiet. Carr sought money damages and injunctive relief. Defendants moved for dismissal, arguing that Carr's action was barred by the statute of limitations.
 
 
 3
 We agree with the district court that Carr's action is time-barred. Carr's claim accrued in 1983. "Section 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose." Bridgeman v. Nebraska State Pen, 849 F.2d 1076, 1077 (8th Cir. 1988) (per curiam). Further, "[t]he use of a state's statute of limitations also requires the use of its tolling statutes and the operation thereof is governed by state law." Id. at 1078. Carr's incarceration tolled the running of the statute through April 12, 1985, when he was sentenced to life. See Mo. Rev. Stat. § 516.170 (repealed in relevant part 1990). Assuming that Missouri's five-year limitations period for personal injury actions applies, see Mo. Rev. Stat. § 516.120(4), the limitations period ended in April 1990; because Carr did not file his action until May 1991, over a year later, it is time-barred. Finally, we reject Carr's argument that Mo. Rev. Stat. § 516.280 tolled the limitations period in this instance.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 Carr was convicted of capital murder for his participation in this stabbing and was sentenced to life without the possibility of parole for fifty years. See State v. Carr, 708 S.W.2d 313 (Mo. Ct. App. 1986)