DENNIS R. BAUERS ET AL., APPELLANTS, V. CITY OF LINCOLN, A
MUNICIPAL CORPORATION, APPELLEE.
514 N.W.2d 625

Filed April 15, 1994.    Nos. S-92-552, S-92-554 through S-92-558.

K. Kristen Newcomb and Robert F. Bartle, of Healey & Wieland Law Firm, for appellants.

William F. Austin, Lincoln City Attorney, and James D. Faimon for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, and LANPHIER, JJ., and GRANT, J., Retired.

WHITE, J.

Appellants, former firefighters for the City of Lincoln (City), filed claims with the City requesting a return of their pension contributions. The City denied their claims, and they appealed to the Lancaster County District Court. The district court dismissed their combined action because it found that the claims were filed after the statutory time for filing such claims had expired. The firefighters filed appeals with the Nebraska Court of Appeals, and, on our own motion, we removed the cases to this court. We also granted the firefighters' motion to consolidate the cases for purposes of appeal. We affirm in part and reverse in part the decision of the district court and remand the cause.

This case involves six former firefighters who were employed by the City. (This action originally included a seventh firefighter, John Simpson; however, Simpson has dismissed his appeal, and thus, his action is not before us for consideration.)

All six contributed to a pension plan (plan) while employed by the City. Participation in the plan was mandatory pursuant to Neb. Rev. Stat. § 15-1001 et seq. (Reissue 1983 & Cum. Supp. 1986). The statutory sections which constituted the material provisions of the plan were repealed in September 1987. The City then adopted substantially similar provisions in Lincoln Mun. Code ch. 2.64. The firefighters concede, and we agree, that any differences between the provisions of the plan pursuant to § 15-1001 et seq. and the provisions found in chapter 2.64 are immaterial to the issues raised in the present action.

The firefighters seek to have their entire respective contributions to the plan returned to them in one lump-sum payment. Four of the six firefighters also seek to have returned to them the amounts that the City deducted from their monthly pension payments to offset the workers' compensation benefits they each received. The following is a summary of the facts related to each of the firefighters' cases.

Dennis R. Bauers was employed as a firefighter for the City from September 1966 through September 1987. During his employment, Bauers contributed a total of $38,782.13 to the plan. On September 23, 1987, Bauers was forced to terminate his employment because of employment-related injuries he suffered. Pursuant to an executive order, Bauers was awarded a duty-related disability pension. On October 17, 1990, Bauers filed a claim with the City and contended that he was entitled to receive the total amount of his contributions to the plan. The City denied the claim on December 6.

Thomas L. Scharbach was employed as a firefighter for the City from July 1969 through November 1988. During his employment, Scharbach contributed a total of $45,014.93 to the plan. On November 17, 1988, Scharbach was forced to terminate his employment because of physical disabilities he suffered. Pursuant to an executive order, Scharbach was awarded a non-duty-related disability pension. On October 17, 1990, Scharbach filed a claim with the City and contended that he was entitled to receive the total amount of his contributions to the plan. The City denied the claim on December 6.

James E. Johnson was employed as a firefighter for the City

from May 1975 through July 1989. During his employment, Johnson contributed a total of $31,366.86 to the plan. On July 18, 1989, Johnson terminated his employment as a firefighter because of employment-related injuries he suffered. Pursuant to an executive order, Johnson was awarded a duty-related disability pension. On October 17, 1990, Johnson filed a claim with the City and contended that he was entitled to receive the total amount of his contributions to the plan. The City denied the claim on December 6.

In his petition to the district court, Johnson included an additional claim which he did not raise in his claim filed with the City: He alleged that he had received workers' compensation benefits which the City deducted from his pension benefits. Johnson contended that from October 1989 through December 1990, the City deducted a total of $15,157 from his pension. Because Johnson did not properly raise the validity of the deductions for workers' compensation benefits in his claim to the City, that issue was not before the district court and is not now before this court for review. See, Neb. Rev. Stat. § 15-1201 (Reissue 1991); *Cather & Sons Constr., Inc. v. City of Lincoln*, 200 Neb. 510, 264 N.W.2d 413 (1978) (parties appealing to the district court from a decision of the City pursuant to § 15-1201 may not raise issues which were not the subject of the City's decision).

Jerry Peterson was employed as a firefighter for the City from October 1977 through January 1987. During his employment, Peterson contributed a total of $10,855.17 to the plan. On February 26, 1987, Peterson was forced to terminate his employment because of employment-related injuries he suffered. Pursuant to an executive order, Peterson was awarded a duty-related disability pension. Peterson also received $6,000 in workers' compensation benefits. From January 26 through June 22, 1987, the City deducted a total of $4,680 from Peterson's pension to offset the workers' compensation benefits he received. (We note that in the petition Peterson filed in district court, he alleged that the City deducted only $3,779.37 from his pension. This discrepancy, however, is irrelevant to our decision.) On October 17, 1990, Peterson filed a claim with the City and contended that he was entitled to

receive the total amount of his contributions to the plan and the amount deducted from his pension for the workers' compensation benefits. The City denied the claim on December 6.

David C. Bowlin was employed as a firefighter for the City from January 1982 through February 1986. During his employment, Bowlin contributed a total of $5,678.49 to the plan. On February 20, 1986, Bowlin was forced to terminate his employment as a firefighter because of employment-related injuries he suffered. Pursuant to an executive order, Bowlin was awarded a duty-related disability pension. Bowlin also received $8,114.40 in workers' compensation benefits. From August 1986 through at least the time that he filed his petition in district court, the City deducted a total of $9,917.60 from his pension for the workers' compensation benefits he received. On October 17, 1990, Bowlin filed a claim with the City and contended that he was entitled to receive the total amount of his contributions to the plan and the amounts that the City has deducted and continues to deduct for workers' compensation benefits. The City denied the claim on December 6.

Roger L. Carmichael was employed as a firefighter with the City from August 1978 through September 1987. During his employment, Carmichael contributed a total of $12,761.03 to the plan. On September 1, 1987, Carmichael was forced to terminate his employment because of employment-related injuries. Pursuant to an executive order, Carmichael was awarded a duty-related disability pension. Carmichael also received $21,480.30 in workers' compensation benefits. From June 1988 through August 1989, the City deducted a total of $15,480.30 from his pension for the workers' compensation benefits he had received. On October 17, 1990, Carmichael filed a claim with the City and contended that he was entitled to receive the total amount of his contributions to the plan and the total amount that the City deducted from his pension for workers' compensation benefits. The City denied the claim on December 6.

After the City denied each of their claims, the firefighters timely filed notices of appeal to the district court pursuant to § 15-1201. The firefighters' actions with regard to the return of

their contributions are substantially similar. The firefighters contend that the City's actions pursuant to Lincoln Mun. Code § 2.64.024 (1987) (formally set forth in Neb. Rev. Stat. § 15-1013.02 (repealed in 1987)) (1) violate their right to equal protection and deprive them of property without due process of law contrary to the 14th Amendment to the U.S. Constitution and Neb. Const. art. I, §§ 3 and 25; (2) violate the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 et seq. (Reissue 1988 & Cum. Supp. 1990); and (3) violate the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1101 et seq. (Reissue 1988 & Cum. Supp. 1990).

Also similar are the actions filed by the three firefighters who properly presented their claims for a return of the money that the City deducted from their pensions for the workers' compensation benefits they received. These firefighters contend that the City's actions pursuant to Lincoln Mun. Code §§ 2.64.011(e) and 2.64.018 (1988) (formally set forth in Neb. Rev. Stat. §§ 15-1006 and 15-1008 (repealed in 1987)) (1) deprive them of property without due process of law contrary to the 14th Amendment to the U.S. Constitution and Neb. Const. art. I, §§ 3 and 25; (2) violate the Nebraska Wage Payment and Collection Act; and (3) deprive them of property rights and remedies that they are entitled to pursuant to Neb. Rev. Stat. § 48-130 (Reissue 1988) of the Nebraska Workers' Compensation Act.

Additionally, all of the firefighters have apparently asserted a cause of action under 42 U.S.C. § 1983 (1988). We will separately discuss the firefighters' § 1983 actions following our consideration of the application of Neb. Rev. Stat. § 15-840 (Reissue 1991) to the other theories of recovery raised by the firefighters.

The City filed a motion for summary judgment. The district court granted the City's motion because the court found that the firefighters' claims accrued on the first date each of them was placed on the pension roll, and therefore, none of the firefighters had filed claims with the City within 1 year of the accrual of their claims as required by § 15-840.

On appeal, the firefighters contend that the district court applied the wrong rule to determine when their claims accrued.

Specifically, they contend that after they were placed on the pension roll, the City had a continuing obligation to pay each pension installment, and thus, their right to file their claims accrued each time that an installment was due.

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. In appellate review of a summary judgment, the court reviews the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Rowe v. Allely*, 244 Neb. 484, 507 N.W.2d 293 (1993); *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992); *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 425 N.W.2d 872 (1988). If there exists any real issue of material fact, then the judgment shall be reversed. See *Newman v. Hinky Dinky*, 229 Neb. 382, 427 N.W.2d 50 (1988).

The only issues with which we are presented are determining when the firefighters' claims accrued and whether their actions are barred by applicable statutory limitations.

To maintain an action against a city, a claimant must file a claim with the city pursuant to § 15-840. See *Andrews v. City of Lincoln*, 224 Neb. 748, 401 N.W.2d 467 (1987). Section 15-840 provides:

> All liquidated and unliquidated claims and accounts payable against the city shall: (1) Be presented in writing; (2) state the name of the claimant and the amount of the claim; and (3) fully and accurately identify the items or services for which payment is claimed or the time, place, nature, and circumstances giving rise to the claim. The finance director shall be responsible for the preauditing and approval of all claims and accounts payable, and no warrant in payment of any claim or account payable shall be drawn or paid without such approval. *In order to maintain an action for a claim, other than a tort claim as defined in section 13-903, it shall be necessary, as a condition precedent, that the claimant file such claim*

*within one year of the accrual thereof,* in the office of the city clerk, or other official whose duty it is to maintain the official records of a primary-class city.

(Emphasis supplied.) Section 15-840 is a condition precedent to filing a lawsuit. Although a condition precedent to maintaining an action is not the same as the application of a statute of limitations, our analysis is guided by the principles we have applied to determine when an action has accrued and whether that action is barred by a statute of limitations.

In applying a statute of limitations, we have held that an action accrues and the statutory time within which the action must be filed begins to run when the injured party has the right to institute and maintain a lawsuit, although the party may not know the nature and extent of the damages. *Murphy, supra;* *L.J. Vontz Constr. Co. v. Department of Roads,* 232 Neb. 241, 440 N.W.2d 664 (1989); *Hoffman v. Reinke Mfg. Co.,* 227 Neb. 66, 416 N.W.2d 216 (1987); *Lake v. Piper, Jaffray & Hopwood Inc.,* 219 Neb. 731, 365 N.W.2d 838 (1985); *Westinghouse Electric Supply Co. v. Brookley,* 176 Neb. 807, 127 N.W.2d 465 (1964); *Dewey v. Dewey,* 163 Neb. 296, 79 N.W.2d 578 (1956). See 1A C.J.S. *Actions* § 230 (1985). Section 15-840 requires that the claimant file a claim with the city before the claimant can maintain a lawsuit. When the only unperformed act, such as filing a claim with a city, required to maintain a lawsuit is an act that the claimant must perform, the claimant may not withhold performance of such act to defeat the purpose of the statutory limitation. 51 Am. Jur. 2d *Limitations of Actions* § 111 (1970). See, *Schaub v. City of Scottsbluff,* 164 Neb. 805, 83 N.W.2d 775 (1957); *Barney v. City of Lincoln,* 144 Neb. 537, 13 N.W.2d 870 (1944). See, also, *Board of Trustees v. Koman,* 133 Colo. 598, 298 P.2d 737 (1956); *Dillon v. Board of Pension Com'rs,* 18 Cal. 2d 427, 116 P.2d 37 (1941). We hold that a claim accrues for purposes of § 15-840 when all factors have arisen which would allow the claimant to commence and maintain an action in court with the exception of the filing of the claim pursuant to § 15-840.

The firefighters essentially raise two claims: whether they are entitled to a return of their contributions and whether they should be reimbursed for the money deducted by the City to

offset the workers' compensation benefits they received. We will separately consider the accrual of these two claims.

The firefighters first contend that the provisions of the plan, together with the City's actions, violate the U.S. and Nebraska Constitutions and are contrary to the Nebraska Wage Payment and Collection Act and the Nebraska Fair Employment Practice Act. Specifically, the firefighters argue that the provision of the plan which permits nondisabled firefighters whose employment has been terminated before the age of retirement to collect a lump-sum return of their contributions unconstitutionally and illegally discriminates against disabled firefighters. That provision of the plan allows certain firefighters to elect to receive a lump-sum payment upon termination of their employment:

> Any firefighter or police officer of the city who terminates employment, either voluntarily or involuntarily, for reasons other than death or disability before becoming eligible to retire shall:
>
> (a) Receive the lump-sum return of accumulated contributions with regular interest to the date of termination if he or she has less than ten (10) years of service; or
>
> (b) If he or she has ten (10) years or more of service but has not attained age fifty-five (55), have the option to receive:
>
> (1) The lump-sum return of accumulated contributions . . . and a reduced paid-up deferred annuity . . . or
>
> (2) A deferred annuity to commence at age fifty-five (55). . . .

Lincoln Mun. Code § 2.64.024. See, also, Neb. Rev. Stat. § 15-1013.02 (repealed 1987).

Both parties rely heavily on this court's decision in *Barney, supra*. In *Barney*, the plaintiff had worked as a firefighter for the City of Lincoln from December 10, 1923, through November 18, 1928, at which time he alleged he was forced to retire because injuries he received in the line of duty rendered him disabled. The plaintiff did not apply for pension benefits until July 27, 1942, and the City denied his application. On appeal, this court held that Comp. Stat. §§ 2439 and 2441

(1922) barred the plaintiff's action because he did not bring the action within 4 years of the time the cause of action had accrued. The court found that the plaintiff's action accrued on the date his employment was terminated because of his disability.

The court explained that " 'the cause of action for a pension accrues when a suit may be maintained thereon, and the statute of limitations begins to run at that time. . . .' " 144 Neb. at 539, 13 N.W.2d at 871 (quoting 40 Am. Jur. *Pensions* § 38 (1942)). The court stated that an action for pension is separate and distinct from an action to recover on the installments of a pension which has already been granted. The court opined that once a pension has been granted, the recipient is entitled to each installment, and the obligor has a continuing obligation to pay each installment that becomes due. As to each installment, if a cause of action arises, the statute of limitations shall begin to run from the date of such installment. *Barney, supra.*

The plaintiff in *Barney* had not established his initial right to the pension. The court stated that the pension law itself does not create a continuing obligation to pay the pension and that the obligation to pay the pension accrued when the plaintiff became totally disabled. The court explained that once the last act occurred which brought the plaintiff within the terms of the pension act, the statute of limitations began to run. The court held that the plaintiff's cause of action to establish his right to the pension could have been maintained, and the statute of limitations began to run, when the plaintiff terminated his employment; thus, his action accrued on November 18, 1928.

In the present case, the firefighters argue that once they were placed on the pension roll, the City had a continuing obligation to pay them, and thus, their claims accrued each month a payment became due. This argument is without merit.

The firefighters correctly note that after the City placed them on the pension roll, they were entitled to each installment of their pension, and the City had a corresponding continuing obligation to pay each installment. See *Barney, supra.* This rule, however, does not lead to the conclusion that the firefighters' claims to collect the entirety of their contributions accrued with each installment that became due.

Once the firefighters' employment was terminated and they were awarded their pensions, they became entitled to receive an installment each month and were not entitled to elect to collect a lump-sum payment. This limitation did not occur with each monthly installment, it occurred once—when each firefighter terminated his employment before he had reached the age of retirement and when such termination was not caused by death or disability.

In the present action, the firefighters' claims for the return of their contributions are analogous to a cause of action for the right to a pension. The firefighters' claims for the return of their contributions does not arise from the installments to which they are entitled. The provisions of the plan do not permit any firefighters, disabled or otherwise, to elect at any time to collect the lump-sum amount of their contributions. Instead, Lincoln Mun. Code § 2.64.024 provides that *at the time of termination* certain firefighters may elect to collect the lump-sum amount. The last act which brought the firefighters within the provision at issue occurred when the firefighters terminated their employment.

We therefore find that the claims asserted by the firefighters flow from the termination of their employment and the award of monthly pension benefits pursuant to the express terms of the pension plan. The right to maintain their actions accrued when their employment terminated and they were awarded a pension.

There is no genuine issue of material fact regarding the date when each of the firefighters was forced to terminate his employment and was awarded his respective pension. All of the firefighters filed claims with the City more than 1 year after their actions accrued. Their actions to recover their entire contributions, therefore, are barred by the 1-year limitation provided for in § 15-840.

Three of the six firefighters have also alleged that the City wrongfully deducted amounts representing workers' compensation benefits from their pension benefits. As stated above, an action accrues and the statutory time within which the action must be filed begins to run when the injured party has the right to institute and maintain a lawsuit.

These firefighters contend that the deductions for workers' compensation benefits (1) deprive them of property without due process of law contrary to the 14th Amendment to the U.S. Constitution and Neb. Const. art. I, §§ 3 and 25; (2) violate the Nebraska Wage Payment and Collection Act; and (3) deprive them of property rights and remedies that they are entitled to pursuant to § 48-130.

The provisions of the plan which permitted the City to deduct from firefighters' pensions the workers' compensation benefits which they received were set forth in Lincoln Mun. Code §§ 2.64.011(e) and 2.64.018. Section 2.64.011(e) provided: "All payments of pensions provided by this section shall.be reduced by the sum of the following amounts: (1) amounts paid by the city or its insurer under the provisions of the Nebraska worker's compensation act as provided in Sections 2.64.005 to 2.64.032 . . . ." Section 2.64.018 stated:

> Notwithstanding any prior provisions of this act, no firefighter or police officer shall be entitled during any period of disability to receive in full both his or her pension or salary and earned fringe benefits, as herein provided, and in addition benefits under the Nebraska worker's compensation act. All Nebraska worker's compensation act benefits shall be payable in full to such firefighter or police officer or his or her dependents as provided in such act, but all amounts paid by the city or its insurer under such act to any disabled firefighter or police officer entitled to receive a salary and earned fringe benefits or pension during such disability, or to the surviving spouse or children of any deceased firefighter or police officer, shall be considered as payments on account of such salary and earned fringe benefits or pension and shall be credited thereon. The remaining balance of such pension or salary and earned fringe benefits, if any, shall be payable as otherwise provided by this ordinance.

As discussed above, once the firefighters were placed on the pension roll, such firefighters became entitled to each installment of the pension. See *Barney v. City of Lincoln*, 144 Neb. 537, 13 N.W.2d 870 (1944). In this respect, pension benefits are similar to installment contracts, and courts have

stated that with each installment a cause of action arises from that installment regardless of when the initial breach occurred. These courts, however, have also stated that the action which may arise from a particular installment is limited to that installment. An injured party must bring the action within the applicable statute of limitations, and although the same conduct occurred in relation to installments for which the statute of limitations had already expired, the aggrieved party may not recover for such installments. The recovery of damages, therefore, is limited to the installments which fell within the period of the applicable statute of limitations. See, *Ballantyne House Assoc. v. Newark*, 269 N.J. Super. 322, 635 A.2d 551 (1993) (explaining that although the initial breach of contract occurred in 1982, the failure to perform constituted a series of continuing breaches and plaintiffs could maintain an action in 1990, but only based on actions which constituted breaches within the preceding 6 years, which was the applicable statute of limitations); *Harris v Allen Park*, 193 Mich. App. 103, 107, 483 N.W.2d 434, 436 (1992) (stating that "[p]ension benefits are similar to installment contracts and the period of limitation runs from the date each installment is due" and that plaintiffs may bring an action and recover for those payments due within the limitation period); *Singer Co. v. BG&E*, 79 Md. App. 461, 558 A.2d 419 (1989) (stating that defendant had a continuing obligation to supply electrical power to plaintiff, and with each failure, a separate cause of action arose; however, plaintiff could only maintain an action and recover for breaches which occurred within the statute of limitations period). See, also, *Magna Associates v. Torgrove*, 585 F. Supp. 585 (D. Colo. 1984) (cause of action arises from each time an installment becomes due); *Application of Church*, 833 P.2d 813 (Colo. App. 1992) (statute of limitations begins to run as to each installment which becomes due, but only as to such installments which fall within the statute of limitations period); 1A C.J.S. *Actions* § 233 (1985) (discussing installment debts and stating that an action for default on one installment accrues when that installment is due, but does not accrue for purposes of recovery of the entire debt unless so provided for in the contract).

As to each pension installment from which the City deducted

workers' compensation benefits, the firefighters' claims to challenge the validity of such deductions accrued. See *Barney, supra.* We emphasize, however, that such a claim accrued only to that particular installment; the firefighters do not have a general right to challenge at any time the validity of all of the deductions that occurred. The firefighters' claims flow from the terms of the plan, together with the City's actions, in deducting for the workers' compensation benefits.

We therefore find that the firefighters' claims flow from the City's act of deducting from their pension payments amounts representing the workers' compensation benefits they each received. Each time that the City deducted for workers' compensation benefits, the firefighters' claims accrued.

The evidence regarding when the City made the deductions from the firefighters' pensions is not in dispute. Bowlin is the only firefighter whose action to recover amounts which the City deducted from his pension to offset the workers' compensation benefits he received is not barred. Bowlin contended that the City began deducting from his pension in August 1986. Bowlin further stated in his claim he filed with the City and in his petition he filed in district court that the City was still deducting amounts representing workers' compensation benefits from his pension. Bowlin's claims regarding the installments from which the City made deductions within a year preceding the claim he filed with the City are not barred by the filing requirement set forth in § 15-840.

We now separately address the firefighters' 42 U.S.C. § 1983 actions. Although the firefighters failed to argue or brief this issue, we are compelled to consider whether the limitations set forth in § 15-840 apply to actions arising under § 1983. The firefighters have asserted causes of action arising under § 1983 with regard to both of their claims: a return of their contributions and a return of the amounts which the City deducted from their pension benefits for the workers' compensation benefits which three of the firefighters received.

The firefighters allege in their petitions that the City's actions pursuant to the relevant provisions of the Lincoln Municipal Code constitute a deprivation of their federal constitutional rights—equal protection and due process—and, therefore, they

contend that they have an action arising under § 1983. The firefighters first asserted their § 1983 actions in the petitions they filed in district court on appeal from the denial of their claims. We find that their § 1983 actions may be raised in the procedural context of the district court's reviewing a City's denial of a claim pursuant to § 15-840. See, *Maine v. Thiboutot*, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980); *Maldonado v. Nebraska Dept. of Pub. Welfare*, 223 Neb. 485, 490, 391 N.W.2d 105, 109 (1986) (discussing *Thiboutot* and stating that "a claim under § 1983 may be brought in a state court in the procedural context of a state court's reviewing the actions of a state administrative agency, and attorney fees may be awarded under § 1988 in such a case"). See, also, *Monell v. City of New York Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (stating that cities and other municipalities constitute "persons" within the meaning of § 1983 and thus may be subject to a § 1983 action).

The U.S. Supreme Court has held that statutes which require that claims against a city be filed with the city as a condition precedent to maintaining an action in court are an impermissible limitation on an injured party's right to maintain an action for violation of their federal constitutional rights under § 1983. *Felder v. Casey*, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988). In the present case, the firefighters' theory of recovery under § 1983, therefore, is not subject to the notice and time limitation required by § 15-840. This does not mean, however, that the firefighters' actions could be asserted at any time; their actions are subject to the appropriate statute of limitations.

The law of the state in which a § 1983 action is brought provides the appropriate statute of limitations. The U.S. Supreme Court held in *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985), that the characterization of a § 1983 action shall not vary from case to case for purposes of selecting the applicable statute of limitations. The Court directed that each state must apply only one statute of limitations to all § 1983 actions. The Court in *Wilson* also stated that for purposes of selecting one statute of limitations, § 1983 actions shall be characterized as personal injury actions

because recovery is based upon a finding that a party has suffered injury to his personal rights.

We have not specifically determined which of Nebraska's statutes of limitations applies to § 1983 actions. The U.S. Court of Appeals for the Eighth Circuit considered the issue and held that Neb. Rev. Stat. § 25-207 (Reissue 1988) applies to § 1983 actions. *Bridgeman v. Nebraska State Pen*, 849 F.2d 1076 (8th Cir. 1988); *Epp v. Gunter*, 677 F. Supp. 1415 (D. Neb. 1988). We agree. Section 25-207 requires that actions for an injury to the plaintiff's rights be filed within 4 years from the date on which the action accrued.

The dates on which the firefighters' respective claims accrued for purposes of their § 1983 actions are the same dates on which their claims are deemed to have accrued for purposes of applying § 15-840. As stated above, these dates are not in dispute. With respect to each firefighter's claim for a return of his entire contribution, the claim accrued when such firefighter was terminated and placed on the pension roll. With respect to those firefighters who asserted claims for a return of the deductions made by the City to offset the workers' compensation benefits, their claims separately accrued when each installment became due and the deductions were made.

After applying the 4-year statute of limitations to the dates on which the firefighters' claims accrued, we find that several of the firefighters have viable claims under their § 1983 causes of action. As stated above, we find that the firefighters' § 1983 actions were properly raised for the first time in their appeals to the district court. The statute of limitations applicable to the § 1983 actions was tolled when the firefighters filed their claims with the City. Had the City paid the claims, the firefighters' § 1983 actions would have been extinguished. We therefore find that the statute of limitations was tolled during the period in which their claims were under consideration by the City.

The following firefighters' respective claims under their § 1983 actions are not barred: (1) Bauers' § 1983 action for the return of his contributions; (2) Scharbach's § 1983 action for the return of his contributions; (3) Johnson's § 1983 action for the return of his contributions; (4) Peterson's § 1983 actions for the return of his contributions and for the return of the

amounts deducted from his pension to offset the workers' compensation benefits, but only for those installments that became due within the 4 years immediately preceding the filing of his claim; (5) Bowlin's § 1983 action for the return of the amounts deducted from his pension to offset the workers' compensation benefits, but only for those installments that became due within the 4 years immediately preceding the filing of his claim; and (6) Carmichael's § 1983 actions for the return of his contributions and for the return of the amounts deducted from his pension to offset the workers' compensation benefits, but only as to those installments that became due within the 4 years immediately preceding the filing of his claim.

In summary, as to those causes of action subject to § 15-840, we find that (1) all of the firefighters are barred from asserting their claim for the return of their entire contributions and (2) firefighter Bowlin is not barred from the portion of his action seeking to recover the deductions made from the pension installments he was entitled to within 1 year preceding the filing of his claim with the City.

Additionally, we find that the firefighters' § 1983 actions are not subject to the filing requirements of § 15-840; these actions, however, are subject to the 4-year statute of limitations set forth in § 25-207. The § 1983 actions which are still viable are set forth above.

We therefore affirm in part the decision of the district court. We reverse the decision of the district court as discussed above and remand the cause for further consideration.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.

FAHRNBRUCH, J., not participating.