# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-1380NE

_____

Steven M. Jacob,                          *
                                          *
            Appellant,                    *
                                          *
      v.                                  *
                                          *
Margaret V. Schlichtman, Special          *
Administrator of the Estate of Melody     *
Hopper, deceased, formerly known as       *
Margaret V. Shuck; Ronald H.              *   On Appeal from the United
Tussing, in his individual and official   *   States District Court
capacity as the former Lancaster          *   for the District
County Sheriff; Tom Cassidy, in his       *   of Nebraska.
individual and official capacity as       *
the former Lancaster County Sheriff;      *   [Not to be Published]
Terry Wagner, in his individual and       *
official capacity as the current          *
Lancaster County Sheriff; Unknown         *
Ostrander, in his individual and          *
official capacity as a Lancaster County   *
Sheriff's Deputy; Unknown Nelson, in      *
his individual and official capacity      *
as a Lancaster County Sheriff's Deputy;   *
Unknown Splichal, in his individual       *
and official capacity as a Lancaster      *
County Sheriff's Deputy; County of        *
Lancaster,                                *
                                          *
            Appellees.                    *

_____

Submitted:  September 3, 1999
Filed:  September 15, 1999
_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.
_____

PER CURIAM.


Steven M. Jacob appeals from the District Court's[1] dismissal of his civil rights action as time-barred, and from the denial of his Federal Rule of Civil Procedure 59(e) motion.  In September 1997, plaintiff filed this action against numerous defendants, alleging that he was denied due process when defendants wrongfully attached his property and sold it at a sheriff's sale in July 1992, and that defendants also violated state law.  Plaintiff claimed he did not know, until 1997, that certain attached property was statutorily exempt, and that defendants had fraudulently prevented him from learning about the exemption.

After de novo review, see Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999) (standard of review of Fed. R. Civ. P. 12(b)(6) dismissals); First Bank v. Hogge, 161 F.3d 506, 510 (8th Cir. 1998) (standard of review of district court's application of state law), we conclude the District Court correctly dismissed plaintiff's action as time-barred.  We agree with the Court that Nebraska's four-year limitations period applies to plaintiff's claims.  See Neb. Rev. Stat. Ann. § 25-207 (Michie 1995); Bridgeman v. Nebraska State Pen, 849 F.2d 1076, 1077-78 (8th Cir. 1988) (per curiam).  We also agree that plaintiff's causes of action accrued, at the very latest, in July 1992, when defendants sold the property at a sheriff's sale, despite plaintiff's contention he was unaware in 1992 that some of the property was exempt.  See Gordon v. Connell, 545

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

N.W.2d 722, 726 (Neb. 1996) (for purposes of statute of limitations, discovery occurs when plaintiff knows of existence of injury, not when plaintiff knows he has legal right to seek redress).  Plaintiff's claim that the statute of limitations should be tolled due to defendants' fraudulent concealment is belied by his effort to overturn the attachment order in 1992, and we agree with the District Court that his imprisonment did not by itself toll the limitations period.  See Upah v. Ancona Bros. Co., 521 N.W.2d 895, 902 (Neb. 1994) (elements of fraudulent-concealment claim); Gordon, 545 N.W.2d at 726-77 (explaining when incarceration tolls limitations period).

We further conclude the District Court did not abuse its discretion in denying plaintiff leave to amend his complaint to add allegations of defendants' fraudulent concealment, see Brown v. Wallace, 957 F.2d 564, 565-66 (8th Cir. 1992) (per curiam), or in denying plaintiff's Rule 59(e) motion, see Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-