THE STATE OF DELAWARE, on the relation of Edward Carpenter, Plaintiff Below, Plaintiff in Error, v. WILLARD D. BOYCE, being Treasurer of the State of Delaware, and EDWARD W. COOCH, J. GORDON SMITH and FREDERICK K. LAMB, being the members of and constituting the State Police Pension Board, Defendants Below, Defendants in Error.

(*April* 24, 1951.)

WOLCOTT, Ch., RICHARDS, C. J., TERRY and CAREY, J. J., and SEITZ, V. Ch., sitting.

*Stewart Lynch* and *Robert P. Barnett* for plaintiff below, plaintiff in error.

*C. Edward Duffy*, Chief Deputy Attorney-General, for defendants below, defendants in error.

Supreme Court, No. 1, September Session, 1950 Term.

CAREY, J., delivering the opinion of the Court:

The problem presented is whether the present action is barred by Code Section 5129, as amended, 46 *Del. Laws*, c. 115. The part of the statute relied upon by the defendants reads as follows: "* * * no action based on a statute * * * shall be brought after the expiration of three years from the accruing of the cause of such action * * *".

Pointing out that the purpose of this suit is to establish the relator's right to receive a pension, rather than to recover unpaid installments of a pension the right to which had been previously established, the Court below held that the present action was barred by the three year statute of limitations cited above. See 6 *Terry* 141, 69 *A.* 2d 921.

The plaintiff's contentions are two. First, it is argued, his cause of action did not accrue until he had made a claim by filing a physician's certificate with the Pension Board and it had denied such claim. Secondly, it is urged, the right to a pension is a continuing one so long as no certificate is filed and can be asserted at any time, in the absence of express limiting language in the statute which granted the right.

Preliminarily and parenthetically, it may not be inappropriate here to observe that the present pension act is not a model of clarity in several respects, and that difficulties in its interpretation can be expected so long as it remains upon the books in its present form. Legislative clarification would be of great help in obviating these difficulties.

As we understand plaintiff's argument on his first conten-

tion, it runs like this: The statute of limitations begins to run only when a cause of action exists capable of being sued on forthwith. The plaintiff could not have instituted this action until after he had presented his claim to the Pension Board by filing the physician's certificate, and the claim had been denied by the Board, for until then the Board was not guilty of a failure to perform a mandatory duty. The certificate was not presented until July 7, 1949, and the Board denied the claim on July 20 of that year; therefore, the cause of action did not accrue until July 7, at the very earliest.

Under our view of the case, this first contention is unsound. If we accept, *arguendo*, the theory that the making of a claim by filing a physician's certificate is a condition precedent to the accrual of a cause of action against the Board, the relator would still be faced with the generally recognized rule so well expressed in 34 *Am. Jur.* 95: "When, however, a cause of action has accrued but the owner of the cause of action, in order to maintain suit upon it, is required to take some preliminary antecedent step, such as the service of notice upon the person against whom the cause of action exists, he is not permitted to suspend indefinitely the operation of the statute of limitations by a failure to act or by long and unnecessary delay in taking the antecedent step. The rule that the plaintiff's cause of action has not accrued so as to start the statute of limitations running unless all facts exist so that the plaintiff can allege a complete cause of action is subject to the exception that if the only act necessary to perfect the plaintiff's cause of action is one to be performed by the plaintiff, and he is under no restraint or disability in the performance of such act, he cannot indefinitely suspend the statute of limitations by delaying performance of that act. It is not the policy of the law to permit a party against whom the statute runs to defeat its operation by neglecting to do an act which devolves upon him in order to perfect his remedy against another. If this were so, a party would have it in his own power to defeat the purpose of the

statute in all cases of this character".

Plaintiff's second contention is that the right to receive a pension is a continuing right which may be asserted at any time unless the statute itself contains some limitations. None is contained in the act upon which this suit is based. A number of authorities have been cited by respective counsel for and against this proposition. The two leading cases favoring plaintiff's argument are *Dryden v. Board of Pension Commissioners*, 6 *Cal.* 2d 575, 59 P. 2d 104 and *Gaffney v. Young*, 200 *Iowa* 1030, 205 *N. W.* 865. The principal ones against it are *Dillon v. Board of Pension Commissioners*, 18 *Cal.* 2d 427, 116 P. 2d 37, 136 *A. L. R.* 800, and *Barney v. City of Lincoln*, 144 *Neb.* 537, 13 *N. W.* 2d 870, 872. We shall not attempt to reconcile the two California cases cited; if they are in conflict, the Dillon case, being the later one, must be taken to reflect the present views of the California Court. The Gaffney and Barney cases are squarely in conflict. The Iowa Court, comparing the right to receive a pension with a contract to support another for his lifetime, calls it a continuing right. The Nebraska Court disapproves this analogy and points out that the continuing liability to pay arises only after the right to a pension has been established by agreement or by suit.

We are of the opinion that the conclusion reached in the Dillon and Barney cases is sound. As the Court below indicated, basically a suit such as the present one is brought to determine the existence of a right to a pension, as distinguished from an attempt to recover installments which have fallen due after the pension has been granted. The basic liability, once created, is discharged by the payment of the monthly installments; no duty to pay these installments exists until the right to a pension has been established. Although the right to receive such installments may be a continuing right, nevertheless the right to receive a pension is not a continuing one and may be barred by an appropriate statute of limitations.

Notwithstanding the modern tendency to interpret pension

statutes liberally in favor of a claimant, we see no reason for supposing a legislative intent that a suit of the present nature should be governed by different rules than any other litigation, in applying a statute of limitations. On this point, therefore, we agree with the Court below.

Decision of the precise question raised in this case requires consideration of an important point which was not mentioned by counsel in the briefs. Apparently, it was not called to the attention of the Court below. We refer to the fact that the present wording of Code Section 5129 did not become the law of this State until April 2, 1947, a little more than two years before the commencement of the present action. It contains no language making its terms expressly applicable to causes of action existing prior to its effective date. It is immaterial whether we say that the new staute has no application whatever to causes of action accruing prior to its passage or that "it limits the bringing of such actions to the period of one year from the date of the passage of said act". *Cf. Friedmann v. McGowan,* 1 *Penn.* 436, 442, 42 *A.* 723, 725. Under either holding, the amendment does not govern the present case, and we must look to the former wording of the statute to determine its effect upon this suit.

Prior to the amendment, Section 5129, as it stood for many years, provided that no action of trespass, no action of replevin, no action of detinue, no action of debt not founded upon a record or specialty, no action of account, no action of assumpsit and no action upon the case shall be brought after the expiration of three years from the accruing of the cause of such action. In other words, it prevented the bringing of certain *types of actions* after the period indicated, but did not expressly include mandamus actions. In contrast, the amended Act contains no reference to *types of action* but bars any suit based upon enumerated *causes* of action. It provides that no action to recover damages for trespass, to regain possession of personal chattels, to recover damages for detention of personal chattels, to recover a debt

not evidenced by record or instrument under seal, based on a detailed statement of mutual demands, based on a promise, based on a statute, or to recover damages caused by an injury unaccompanied with force or result indirectly from the act of the defendant shall be brought after three years from the accruing of the cause of such action, subject to certain exceptions.

■ The only issue raised by the present motion to dismiss is the very narrow one of whether this suit is barred by Code Section 5129. Defendants' brief places sole reliance upon the act as it now stands. As we have indicated, this reliance is unjustified because the present wording of Section 5129 was in effect only two years prior to the commencement of this action and it does not contain any language giving it a retroactive effect. Moreover, this suit is not expressly barred by Section 5129 as formerly worded because it did not include mandamus actions nor did it mention "action based on a statute". *Cf. Buell v. County Court of Jefferson County,* 175 *Or.* 402, 152 P. 2d 578, 154 P. 2d 188, 155 *A. L. R.* 1144 *etc.* Accordingly, we hold that the only question raised by the motion now before the Court must be answered in the negative.

For the reason above given, the judgment of dismissal must be reversed and the cause remanded.