Ronnell E. HILDEBRAND, Appellant,

v.

FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS et al., Respondents.

No. 75–1296.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 21, 1975.

Decided Dec. 31, 1975.

Robert E. Heisler, Clayton, Mo., filed brief, for appellant.

Joseph R. Niemann, Asst. City Counselor, St. Louis, Mo., filed brief for appellee.

Before LAY, STEPHENSON, and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

The sole issue raised in this appeal is whether the appellant's claim for disability benefits under the St. Louis Fire-

men's Retirement System is barred by the statute of limitations.

Ronnell E. Hildebrand, a former member of the St. Louis Fire Department, instituted this action, alleging that the Board of Trustees of the Firemen's Retirement System of St. Louis had improperly denied his application for a disability allowance, in violation of the due process guarantees of the United States and Missouri Constitutions. Named as defendants, in addition to the Board of Trustees, were the Firemen's Retirement System of St. Louis, the city of St. Louis, and individual trustees of the Retirement Board. The requested relief included compensatory and punitive damages, attorney's fees and costs, and an order enjoining the defendants, from further withholding the payment of disability benefits. The defendants moved for dismissal of the complaint and contended alternatively that the complaint failed to raise a substantial federal question, the defendants were immune from damages, the action was barred under the applicable statute of limitations, and the case was a proper one for abstention. Plaintiff resisted these contentions. In an order filed April 9, 1975, the district court[1] dismissed the action with prejudice and held that the relief sought was barred under the applicable statute of limitations. From that order plaintiff has taken this appeal. We affirm.

In his complaint filed February 5, 1975, appellant alleged that he first became a member of the St. Louis Fire Department in June 1960 and that, pursuant to section 335.030 of the Code of the City of St. Louis, he also became a member of the Firemen's Retirement System of St. Louis at that time. He was apparently in continuous employment as a city fireman through December 28, 1967, when he made an unsuccessful application for a disability retirement allowance. Appellant filed his application for disability benefits on a form provided by the Retirement System and described his disability as a smoke allergy and heart trouble. He did not indicate on the form whether he was seeking benefits for a service or non-service related disability.[2] Appellant indicated the name of his physician on the form, which also contained an authorization for "any physician or other person who has attended me or may hereafter attend me to report directly on my condition to the Medical Board of the System." No additional medical information was disclosed on the form, and appellant enclosed no additional documents with his application.

On January 26, 1968, the Board of Trustees, apparently without any notice to appellant, considered and denied the application.[3] Appellant took no further action in the matter until September 27, 1973, when he requested the Board of Trustees to reconsider his application. This request, made more than five and one-half years after the initial denial of

---

[1] The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

[2] The St. Louis City Code at that time provided two types of firemen's disability retirement. The first, outlined in section 335.280, provided benefits to any member "totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty in response to an emergency call," provided "the medical board shall certify that the member is mentally or physically incapacitated for further performance of duty, that such incapacity is likely to be permanent and that the member should be retired." The second, outlined in section 335.260, embraced non-service related disabilities and included any member with five years or more "of creditable service," provided "the medical board after a medical examination of the member shall certify that such member is mentally or physically incapacitated for the further performance of duty, that such incapacity is likely to be permanent, and that the member should be retired."

[3] On January 31, 1968, the Board sent a letter to appellant stating:

On a motion duly made and seconded, the application of Ronnell E. Hildebrand for Service-Connected Accidental Disability Retirement was denied, in the absence of sufficient evidence of any disabling factors, or records of injuries or illnesses which would support a claim for Service-Connected Accidental Disability Retirement.

benefits, was denied. Approximately another year elapsed before the instant action was filed in federal district court. Appellant contended before the district court that the actions of the Board of Trustees amounted to a denial of due process of law, in violation of both the state and federal constitutions.[4] More specifically, appellant alleged that the Board had arbitrarily denied the opportunity to be examined by the Medical Board, failed to provide the opportunity for a timely hearing, failed to disclose the existence of non-service disability benefits, and otherwise acted arbitrarily without necessary disclosure.

The district court dismissed the action with prejudice for failure to state a claim for relief. Noting that appellant's federal claim was not frivolous on its face, the court rejected appellees' contention that the complaint failed to raise a substantial federal question. The court agreed, however, with appellees' contention that the action was barred under the applicable state statute of limitations. Characterizing the cause of action as a grievance over the conduct of a state administrative agency, the court noted that the Missouri Administrative Procedure Act provides a 30-day period for obtaining judicial review of such agency action, V.A.M.S. § 536.110(1), and that the scope of review includes unlawful agency procedure, V.A.M.S. § 536.-140. Holding that this period of review constituted the most analogous statute of limitations, the court held that appellant's attempts to litigate issues raised by the initial denial of relief and the denial on reconsideration were barred.

■ The only issue raised in this appeal is whether the appellant's claim for disability benefits is barred by the appropriate statute of limitations. There is no federal statute of limitations that is specifically applicable to the appellant's claim. When no federal statute of limitations is specifically applicable, a federal court must apply the statute of limitations of the state where it sits which would be applicable to the most analogous state action. See *O'Sullivan v. Felix*, 233 U.S. 318, 322, 34 S.Ct. 596, 58 L.Ed. 980 (1914); *Warren v. Norman Realty Co.*, 513 F.2d 730, 733 (8th Cir. 1975); *Baker v. F & F Investment*, 420 F.2d 1191, 1194 (7th Cir.), *cert. denied, Universal Builder's, Inc. v. Clark*, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970). The ultimate goal is to apply the same limitations period to a federal action as would be applied if a similar action were brought in state court. *See Franks v. Bowman Trans. Co.*, 495 F.2d 398, 405 (5th Cir.), *cert. denied*, 419 U.S. 1050, 95 S.Ct. 625, 42 L.Ed.2d 644 (1974).

■ The appropriate state statute of limitations in this instance is V.A.M.S. § 516.120 which is applicable to "an action upon a liability created by a statute." [5] That statute provides for a five-year limitations period. Since the instant suit was brought more than five years after the accrual of the claim for relief, we conclude that it is barred. Our holding is consistent with the strict construction given by Missouri courts to statutes of limitation. *See Peterson v. Fink*, 515 F.2d 815, 817 (8th Cir. 1975).

Although consistent with the holding of the district court, appellant has incorrectly assumed that the 30-day period for judicial review under the Missouri Administrative Procedure Act, V.A.M.S. § 536.110(1), constitutes the appropriate statute of limitations in this appeal. Appellant contends that, because of certain deficiencies in the administrative proceeding, no final decision has been ren-

4. The district court held that it had pendent jurisdiction of the state claim, and then proceeded to dismiss the entire action upon a finding that the claims were time-barred under the applicable statute of limitations.

5. Under Missouri law, municipalities may establish firemen's retirement and relief systems. *See* V.A.M.S. § 87.005 et seq. Appellant's claim for relief is ultimately based on the stat-

utory obligation of the city of St. Louis for the payment of disability retirement benefits. Specifically, appellant's complaint relies on either section 335.280 or section 335.260 of the St. Louis City Code. These local provisions mirror V.A.M.S. §§ 87.200 and 87.190, applicable to cities with a population of 700,000 or more.

dered within the meaning of the Administrative Procedure Act and the period for judicial review has been tolled.

 Even assuming, arguendo, that those matters which would toll the running of the period for judicial review would also toll the appropriate statute of limitations for bringing this independent federal action, appellant has failed to show that the period for judicial review of the administrative decision would have been tolled. Notice, sufficient to initiate the running of the 30-day period, was given. Furthermore, the agency's action in the instant case met the requirements of a final decision.

Accordingly, we hold that the appellant's claim for disability benefits is barred by the statute of limitations.

Affirmed.