David E. JOHNSON, Petitioner-below, Appellant,

v.

The Honorable Donna Lee WILLIAMS, Insurance Commissioner for the State of Delaware, Respondent-below, Appellee.

No. C.A. 98A–05–003–RRC.

Superior Court of Delaware, New Castle County.

Submitted: Sept. 24, 1998.
Decided: Dec. 22, 1998.

Gary S. Nitsche, Czajkowski, Weik, Alazraki & Nitsche, Wilmington, Delaware, Attorney for Petitioner-below, Appellant David E. Johnson.

Marc P. Niedzielski, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for Respondent-below, Appellee Insurance Commissioner of the State of Delaware.

## MEMORANDUM OPINION

COOCH, J.

### INTRODUCTION

David E. Johnson (Claimant) filed the instant appeal of an order dated March 25, 1998 of the Honorable Donna Lee Williams, Insurance Commissioner for the State of Delaware (Commissioner), which had adopted a hearing officer's recommendation to deny Claimant's petition for "covered fireman['s]" line-of-duty disability benefits[1] stemming from serious injuries suffered by Claimant while fighting a fire on June 10, 1982. Claimant challenges this order on two bases. First, he argues that the Commissioner erred by employing the three-year statute of limitations applicable to actions "based on a statute" contained in 10 *Del. C.* § 8106. In this connection, he asserts that even if that

statute of limitations applies to his claim (filed May 30, 1996), the Commissioner erroneously concluded that his claim for disability benefits accrued "when a reasonable person, in claimant's position, should have recognized the nature, seriousness and probable compensable character of his injuries as qualifying for... chapter 67 benefits."[2] The Commissioner determined that such accrual date would have been three years from June 10, 1982, the date on which he was "medically diagnosed as having sustained injuries... entitling him to [chapter 67 benefits]."[3] Second, Claimant contends that substantial evidence does not support the Commissioner's holding that no causal connection existed between his current medical condition and his June 1982 injuries.

The Commissioner, on the other hand, argues that she correctly concluded that Claimant's May 30, 1996 petition for disability benefits under 18 *Del. C.* ch. 67 was subject to a three-year statute of limitations since the claim was an "action based on a statute"[4] and that the three year time period therefore began to run on June 10, 1982. The Commissioner also contends that substantial evidence supports the Commissioner's conclusion that there is no causal connection between Claimant's June 10, 1982 injuries and his current complaints.

This Court holds that the Commissioner's conclusions (1) that the three-year statute of limitations contained in 10 *Del. C.* § 8106 is applicable to Claimant's petition for chapter 67 line-of-duty disability benefits and (2) that Claimant's claim for line-of-duty disability benefits is time-barred since it was not filed within the three-year statute of limitations should be affirmed since they were not "clearly erroneous." This Court thus finds it unnecessary to reach the issue of whether substantial evidence exists to support the

---

1. 18 *Del. C.* §§ 6701–6708. 18 *Del. C.* § 6702 provides benefits to a covered fireman "who has been permanently disabled in the line of duty, a benefit of $500 per month, plus $50 per month for each child under the age of 18 years, for so long as such shall remain."

2. Hrg. Officer Dec. at 23, *aff'd, In re Petition of David E. Johnson for Disability Benefits Under 18 Del.C. ch. 67*, Dkt. No. 96–23, Williams, Comm'r

(March 25, 1998) (ORDER) [hereinafter "Hrg. Officer Dec. at ___."].

3. *Id.*

4. 10 *Del. C.* § 8106. That statute provides, in pertinent part, that "no action based on a statute... shall be brought after the expiration of 3 years from the accruing of the cause of the action[.]"

Commissioner's conclusion that Claimant failed to show a causal relation between his present medical condition and the June 1982 incident.

## FACTS

The facts set forth below are abbreviated in light of this Court's conclusion that it need not reach the issue of whether substantial evidence exists to support the Commissioner's holding on the causal connection issue.

While serving as a volunteer fireman for the Wilmington Manor Volunteer Fire Company on June 10, 1982, Claimant, trapped in a burning building, suffered severe injuries when a building wall fell upon him. Thereafter, he returned to his full-time job with General Motors Assembly Plant ("GM") on September 23, 1983. However, on September 30, 1983, Claimant was terminated by GM for failing to report to work on September 26, 1983. He did obtain subsequent employment with Electrical Rebuilders, Inc., at the end of 1984 or beginning of 1985. He left that position in 1989. He worked in a part-time capacity from 1992 through 1994 but, as the Hearing Officer noted, has remained unemployed since July 1995.[5]

On May 30, 1996, Claimant filed a petition for line-of-duty disability benefits provided by 18 *Del. C.* ch. 67 with the Commissioner. A hearing on Claimant's petition was held on October 10, 1996 before a hearing officer. In his written recommendation to the Commissioner, the hearing officer concluded that Claimant's petition was time barred by the three-year statute of limitations contained in 10 *Del. C.* § 8106 since it was an "action based on a statute."[6] The hearing officer also concluded that he found no causal connection between his then-present complaints of disability to his June 1982 injuries, such that would sufficiently demonstrate a finding of permanent disability under 18 *Del. C.* § 6701(3).[7] In her order dated March 25, 1998, the Commissioner adopted the proposed Order and Recommendations of the hearing officer.[8] Claimant then filed the present appeal.

## STANDARD OF REVIEW

In an appeal from a board, commissioner, or agency, Delaware courts defer to an agency's interpretation of statutes it is empowered to enforce if such interpretation is not "clearly erroneous."[9] Delaware courts

---

5. Hrg. Officer Dec. at 14. It is not clear from the record whether Claimant obtained employment after December 11, 1997, the date of the Hearing Officer's decision.

6. Hrg. Officer Dec. at 22–24.

7. *Id.* at 24–25.

8. The Order provides in pertinent part:

 WHEREAS, I have considered the *Proposed Order and Recommendations* submitted by the Hearing Officer, the petition, the exhibits, the supplemental filings submitted by the Petitioner; as well as the entire record; and

 WHEREAS, the Petitioner has elected not to submit exceptions to the *Proposed Order and Recommendations;* and

 WHEREAS, I adopt the *Proposed Order and Recommendations* and incorporate the summary of evidence, the proposed findings of fact relevant to the questions presented, the proposed conclusions of law, and the recommendation of the Hearing Officer by this reference.

 NOW THEREFORE, I Order that the Petition in the above-captioned matter is Denied. *In re Petition of David E. Johnson for Disability Benefits Under 18 Del.C. ch. 67,* Dkt. No. 96–23, Williams, Comm'r (March 25, 1998) (ORDER).

9. *See Eastern Shore Natural Gas Co. v. Delaware Pub. Serv. Comm'n,* Del.Supr., 637 A.2d 10, 15 (1994) (holding that "[t]his Court will give substantial weight to the [agency's] interpretation of a statute it is empowered to enforce, provided that construction is not clearly erroneous. [citations omitted.] Thus, this Court will not reverse the [agency's] decision unless we find the [agency's] interpretation... is clearly erroneous"); *Nationwide Mut. Ins. Co. v. Krongold,* Del.Supr., 318 A.2d 606, 609 (1974) (holding that "[w]hile the ruling of an administrative agency is not necessarily controlling on a court, it is entitled to some weight unless clearly wrong"); *Toccafondi v. Bd. of Pension Trustees,* Del.Super., C.A. No. 93A–09–001, Lee, J., 1994 WL 234004 (May 11, 1994) (Mem.Op.) at 3 (concluding that "[w]hen confronted with a novel issue of statutory construction, this Court will defer to an administrative agency's construction of its own regulations and statutes administered by that agency, unless the Court finds such construction clearly erroneous"); *Brahmbhatt v. Bd. of Pension Trustees,* Del.Super., C.A. No. 91A–08–003, Ridgley, P.J., 1992 WL 179498 (June 19, 1992) (ORDER) (holding that "[t]his Court will defer to an administrative agency's construction of its own regulations and statutes administered by that agency unless the Court finds such construction clearly

will review questions of law *de novo*.[10] There are two questions of law at issue in this appeal: (1) whether the Commissioner erroneously concluded that Claimant's action filed on May 30, 1996 was one "based on a statute" and that, therefore, the three-year statute of limitations contained in 10 *Del. C.* § 8106 applied to Claimant's claim for line-of-duty disability benefits; and (2) whether the Commissioner erroneously concluded that Claimant's petition for such benefits filed on May 30, 1996 was time-barred since his cause of action accrued on June 10, 1982.

## DISCUSSION

I. *The Commissioner's Legal Conclusion Concerning the Applicability of the Three-Year Statute of Limitations Was Not "Clearly Erroneous."*

### A. *The Parties' Contentions.*

 The Commissioner concluded that Claimant's claim for line-of-duty disability benefits was an action based on a statute and, therefore, subject to the three-year statute of limitations contained in 10 *Del. C.* § 8106. Claimant argues that the Commissioner's conclusion is in error. He contends that since 18 *Del.C.* ch. 67 contains no statute of limitations, none applies.[11] Alternatively, Claimant asserts that if the three-year statute of limitations contained in 10 Del.C. § 8106 does apply, he nevertheless filed a timely petition on May 30, 1996. As support

for this assertion, Claimant relies upon a previous decision issued four years ago by another hearing officer, in an unrelated case, who held that a petitioner should not be prejudiced in applying for benefits under Chapter 67 when the existence of the chapter is "little known ."[12] Claimant asks this Court to apply the concept of *stare decisis,* which he argues requires the Court to reach that same conclusion.

### B. *Discussion.*

This Court holds that the Commissioner's conclusion that the three-year statute of limitations contained in 10 *Del. C.* § 8106 applies is not "clearly erroneous." First, it was not error for the Commissioner to have relied upon the limitations period contained in 10 *Del. C.* § 8106 since eligibility for and receipt of line-of-duty disability benefits are "entirely statutory in origin and operation."[13] Second, it is of no matter, as Claimant contends, that 18 *Del. C.* ch. 67 itself contains no statute of limitations. The Delaware Supreme Court addressed a similar issue regarding Delaware's no-fault insurance statute which provided for personal injury protection benefits[14] but which also did not contain its own statute of limitations.[15] Nevertheless, the Supreme Court concluded that the three-year statute of limitations contained in 10 *Del. C.* § 8106 applied to statutory causes of

---

erroneous. [citation omitted]."). *See also* Sutherland Stat. Const. § 73.02 (5th ed.1992) (noting that "[i]t is... important to recognize that courts give substantial weight to the interpretation of an expert administrative agency").

These cases deal primarily with an agency's interpretation of its own enabling statute. The general statute of limitations contained in 10 *Del. C.* § 8106, however, may not be a statute peculiar to an administrative agency that the Commissioner "is empowered to enforce." *Eastern Shore Natural Gas Co., supra.* Nevertheless, a general statute of limitations "may apply to administrative proceedings, in the absence of a specially applicable provision," 2 Am.Jur.2d *Administrative Law* § 272 (1994); this Court will give substantial weight to the Commissioner's decision concerning its applicability.

**10.** *Oceanport Ind. v. Wilmington Stevedores,* Del. Supr., 636 A.2d 892, 899 (1994); *In re Beattie,* Del.Super., 180 A.2d 741, 744 (1962).

**11.** Claimant's Op. Br. at 9. Claimant alternatively argues that "[i]t is self-evident that [his] claim... is governed by 10 *Del. C.* § 8106...." Claimant's Op. Br. at 12.

**12.** Claimant's Op. Br. at 10, *citing In re Line of Duty Disability Benefits to Covered Firemen Pursuant to 18 Del. C. Chapter 67 Benefits for Michelle Carpenter,* Hrg. Officer Dec. at 6 (July 22, 1994).

**13.** *Cf. Harper v. State Farm Mutual Auto. Ins. Co.,* Del.Supr., 703 A.2d 136, 140 (1997) (concluding that "[u]nder the current Delaware No-Fault Insurance Statute, provisions relating to the eligibility for and receipt of PIP benefits in automobile contracts are entirely statutory in origin and operation").

**14.** *See* 21 *Del. C.* § 2118.

**15.** *See Harper,* 703 A.2d at 137.

action for such benefits.[16] Claimant further asks this Court to apply the concept of *stare decisis,* which he argues requires the Court to reach the same conclusion as did the Hearing Officer in an unrelated case decided in 1994 by a hearing officer who awarded benefits to a "covered fireman." [17] However, this Court is not bound by the decision reached by the Hearing Officer in that case and now declines to follow it.[18]

Having concluded that the three-year statute of limitations applies to this action based upon a statute, the next issue that the Court must resolve is the commencement date of the three-year time period.

## II. *The Commissioner Did Not Err in Her Determination that Claimant's Cause of Action Accrued on June 10, 1982.*

### A. *The Parties' Contentions.*

■ Looking to worker's compensation law [19] and its approach to determining the applicability of the statute of limitations, the Commissioner (in adopting the findings of the hearing officer) concluded that Claim-

ant's claim for benefits under 18 *Del. C.* ch. 67 accrued

when a reasonable person, in claimant's position, should have recognized the nature, seriousness and probable compensable character of his injuries as qualifying him for available disability benefits, including, in particular, line of duty chapter 67 benefits. Applying these legal principles to this case... [Claimant's] claim [is] time-barred because not filed in the three years of his being medically diagnosed as having sustained, from his June 10, 1982 injuries, a disability entitling him to awards, as defined under 18 *Del. C.* § 6706.[20]

The Commissioner thereafter concluded that Claimant's petition for line-of-duty disability benefits was time barred because it was not filed in the three years after June 10, 1982.[21]

Claimant contends that the Commissioner's findings are in error. Claimant asserts that the Commissioner erred when she looked to worker's compensation law for analogous support to determine when Claimant's cause of action accrued, arguing that causes of actions based upon Chapter 67 disability benefits are premised upon a con-

16. *Id. See also State v. Boyce,* Del.Supr., 81 A.2d 294, 297 (1951) (concluding in a pension case that "the right to receive a pension... may be barred by an appropriate [general] statute of limitations" in the absence of such limitation language in the pension statute itself, and holding that there was "no reason for supposing a legislative intent that [the present] suit should be governed by different rules than any other litigation, in applying a statute of limitations"); *Hildebrand v. Firemen's Retirement System of St. Louis,* 8th Cir., 527 F.2d 567, 569 (1975) (concluding that fireman's claim for disability retirement benefits that "[was] ultimately based on the statutory obligation of the city... for the payment... of benefits" was time-barred under the statute of limitations applicable to " 'an action upon a liability created by a statute' ").

17. *In re Line of Duty Disability Benefits to Covered Firemen Pursuant to 18 Del. C. Chapter 67 Benefits for Michelle Carpenter,* Hrg. Officer Dec. (July 22, 1994) (concluding that "[Petitioner's] worker's compensation payments... were legally terminated through no fault [of her own]. The existence of Chapter 67 is little known and the delay in applying thereunder should not be prejudicial to the Petitioner").

18. *See Nationwide General Ins. Co. v. Thomas,* Del.Super., C.A. No. 93C–12–199, Cooch, J.,

1995 WL 158599 (Feb. 27, 1995) (Mem.Op.) at 7–9 (concluding that "[a]s a general rule, the doctrine of *stare decisis* is applicable '[t]o a decision of a court higher in rank, or of the same rank, but not to a decision of a court lower in rank than the court in which the decision is cited as precedent....' The Court of Chancery has also discussed the doctrine of *stare decisis* and held that '[t]he prerequisites necessary for the application of the doctrine... are: a judicial opinion by the court, on a point of law, expressed in a final decision....' [citation omitted]").

19. *See* 19 *Del. C.* ch. 23.

20. Hrg. Officer Dec. at 23.

21. The Hearing Officer was also unpersuaded by Claimant's argument that his claim for benefits under 18 *Del.C.* § 6701 *et seq.* did not accrue until "exhaustion of his collateral disability benefits," reasoning that the claim was not filed within three years of November 30, 1990, the date his collateral disability benefits expired. This issue was not raised on appeal and, therefore, it is waived. *See Turnbull v. Fink,* Del.Supr., 644 A.2d 1322, 1324 (1994) (concluding that "failure of a party to present and argue a legal issue in the text of an opening brief constitutes waiver of that claim on appeal [citation omitted]").

tract theory of law [22] and, as such, the statute of limitations on actions based upon 18 *Del. C.* ch. 67 does not begin to run until the "contract" has been breached. Claimant contends that the instant "contract" was breached the day the Commissioner denied his claim for line-of-duty disability benefits. Hence, as Claimant implicitly asserts, the three-year statute of limitations did not begin to run until the Commissioner denied his claim for benefits on March 25, 1998,[23] the date of issuance of her decision adopting the recommendations of the Hearing Officer.

The Commissioner urges this Court to affirm her conclusion that Claimant's claim for benefits accrued "when a reasonable person, in claimant's position, should have recognized the nature, seriousness and probable compensable character of his injuries as qualifying him for... chapter 67 benefits." [24] That date, the Commissioner held, was June 10, 1982, the day that Claimant suffered serious injuries from the fire. She argues that, contrary to Claimant's contentions, his claim is statutory, not contractual, in nature. She also contends that public policy frowns upon "tolling concepts... [which] must be clearly expressed to countermand 10 *Del. C.* § 8106 [citations omitted]." [25] The Commissioner further claims (assuming, without conceding, that contract analysis applies) that the latest that Claimant could have filed his claim for benefits is October 1, 1986, three years after the date of his termination from General Motors resulting from his inability to perform his duties due to his injuries.

### B. *Discussion.*

The Court concludes that the Commissioner's conclusion that his claim "[is] time-barred because not filed in the three years of his being medically diagnosed as having sustained, from his June 10, 1982 injuries, a disability entitling Claimant to awards..." [26] was not "clearly erroneous." This Court is not persuaded by Claimant's argument regarding contracts and the accrual of a cause of action thereon. As stated earlier in this opinion, eligibility for and receipt of Chapter 67 benefits, like personal injury protection benefits available under the Delaware No-Fault Insurance statute,[27] are "entirely statutory in origin and operation." [28] No contract exists between the parties to this litigation.[29] As a result, the Court finds unpersuasive Claimant's attempts to analogize the statutes and case law involving insurance contracts to Chapter 67 line-of-duty disability benefits.

It was also not "clearly erroneous" for the Commissioner to have looked to the case law derived from interpretations of 19 *Del. C.* ch. 23 for direction to determine when Claimant's cause of action accrued, especially since 18 *Del. C.* ch. 67 lacks any case law or statutory interpretation which could have served as a guide to the Commissioner. Consequently, her interpretation of this "doubtful statute [was appropriately] influenced by language of other statutes which

---

22. Claimant appears to argue alternatively that, as in *Hildebrand,* the "instant case [is] premised upon 'an action upon liability created by statute.'" Claimant's Op. Br. at 13.

23. Claimant's Op. Br. at 11.

24. Hrg. Officer Dec. at 23.

25. Commissioner's Ans. Br. at 5.

26. Hrg. Officer Dec. at 23.

27. *See* 21 *Del. C.* § 2118.

28. *See Harper, supra.* at n. 13. While the *Harper* Court used this language in its analysis of a claim for uninsured motorist benefits provided for under 18 *Del. C.* § 3902, it is important to note that the statute provided parameters with which contracts for such benefits entered into between the insurer and insured must comply. *See also All-state Ins. Co. v. Spinelli,* Del.Supr., 443 A.2d 1286 (1982) at n. 29, *infra.*

29. *Cf. Harper,* 703 A.2d at 140 (1997) (holding that a cause of action for uninsured motorist benefits provided for under 18 *Del. C.* § 3902 accrued only upon breach of the insurance policy contract, which court defined as being when insurer denied a request for such benefits, even when the benefits conferred thereby are "statutorily mandated no-fault PIP aspects in an automobile insurance policy"); *Allstate Ins. Co. v. Spinelli,* Del.Supr., 443 A.2d 1286 (1982) (holding that "when one party contends the other party has ceased to perform in violation of the [insurance] contract, a justiciable controversy [between insurer and insured regarding the recovery of insured motorist benefits] [arose when insurer] denied [insured's] claim for coverage benefits and so informed [insured]").

[were] not specifically related, but which appl[ied] to similar persons, things or relationships." [30]

The Connecticut case of *Link v. City of Shelton* [31] supports this conclusion. In that case, the Connecticut Supreme Court found no error in the trial court's grant of plaintiff's motion for summary judgment, based on the court's finding that plaintiff was "entitled to indemnification for 'legal fees necessarily incurred' in defending against a prosecution for the crime of breach of the peace." [32] The trial court concluded that "[Section] 53–39a [of the General Statutes] authorizes indemnification of the attorney's fees incurred by the plaintiff in the criminal proceeding." [33] That statutory provision had provided, in pertinent part, that a police officer must be indemnified for "economic loss," including the "payment of any legal fees" for a crime "allegedly committed by such officer in the course of his duty." [34] The Connecticut Supreme Court noted, however, that the statute did not define the phrase "in the course of his duty." Consequently, it concluded that "[b]ecause the statute does not define the phrase, we must look elsewhere for [its] 'peculiar and appropriate meaning'.... We may look to the meaning given the same phrase in unrelated statutes, in this case workers' compensation statutes...." [35] The Commissioner in the instant case did just that: she properly looked to 19 *Del. C.* ch. 23 and the case law thereunder for guidance on the accrual issue.

Thus, this Court finds no error in the Commissioner's determination that Claimant's claim for chapter 67 benefits accrued when a reasonable person should have recognized the "seriousness and probable compensation character of his injuries." [36] The Court also concludes that the Commissioner did not err by holding that Claimant's petition was time barred "because [it was] not filed in the three years of his being medically diagnosed as having sustained, from his June 10, 1982 injuries, a disability entitling him to awards, as defined under 18 *Del. C.* § 6706." [37]

This Court, having found that Claimant's petition for line-of-duty disability benefits is time-barred, does not find it necessary to reach the merits of the Commissioner's holding that there is no causal connection between Claimant's injuries resulting from the June 1982 accident and his present medical condition.

The March 25, 1998 decision of the Commissioner is **AFFIRMED.**

**IT IS SO ORDERED.**

---

30. *See* Sutherland Stat. Const. § 53.03 (5th ed.1992).

31. Conn.Supr., 186 Conn. 623, 443 A.2d 902 (1982).

32. *Id.* at 903.

33. *Id.*

34. *Id.* at n. 1.

35. *Id.* at 903–04.

36. *See DiMatteo v. County of Dona Ana,* Ct.App., 109 N.M. 374, 785 P.2d 285, 292 (1989) (holding in a worker's compensation case that cause of action for worker's compensation disability benefits presented question of fact of when "plaintiff knew or should have known that he was disabled"). *See also* N.Y. Volunteer Firefighters' Benefit Law § 41 (McKinney 1988) (stating that "[t]he right to claim benefits under this chapter shall be barred... unless within two years after the injury, or, if death results therefrom, within two years after such death, a claim for the benefits under this chapter shall be filed....").

37. Hrg. Officer Dec. at 23. *See Minner v. State Board of Pension Trustees,* Del.Super., C.A. No. 91A–05–003, Ridgley, P.J., 1992 WL 207254 (Aug. 18, 1992) (ORDER) at 2–3 (concluding in a pension disability case that the Board did not err in concluding that three-year statute of limitations provided for in 10 *Del. C.* § 8106 began to run "when the injury occurred, or when [claimant] first 'could have maintained' a course of action").