Janet BETTIS, et al., Appellants,

v.

POTOSI R–III SCHOOL DISTRICT, et al., Respondents;

and

NonTeacher School Employee Retirement System of Missouri, Respondent.

No. WD 58684.

Missouri Court of Appeals, Western District.

Submitted Jan. 11, 2001.

Decided May 15, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 2001.

Motion for Clarification Denied July 3, 2001.

Application for Transfer Denied Aug. 21, 2001.

Ronald C. Gladney, Clayton, for appellant.

Jeffrey R. Fink, St. Louis, for respondent Retirement System.

Thomas A. Mickes, St. Louis, for respondent School District.

Before LAURA D. STITH, P.J.,[1] JAMES M. SMART, JR., and VICTOR C. HOWARD, JJ.

SMART, Judge.

This is an action against the Potosi R–III School District and the NonTeacher School Employee Retirement System of Missouri. Plaintiffs Janet Bettis, et al., are individuals who were employed by the School District as bus drivers. They seek a declaration that the Retirement System is required to credit them for years of creditable service prior to 1990, when the School District began remitting contributions to the Retirement system in their behalf.

## Background

Because this was a dismissal based upon the pleadings, we treat all well-pleaded facts as true for purposes of our review. *Beatty v. State Tax Comm'n,* 912 S.W.2d 492, 495 (Mo. banc 1995). The NonTeacher School Employee Retirement System of Missouri ("Retirement System") is a statutorily created retirement system covering specified non-teacher employees of certain Missouri school districts. Sections 169.600 to 169.715 RSMo 1994. The Retirement System is governed by a board of trustees established by § 169.020, RSMo 1994 (hereinafter "Board"). The board administers both the Public School Retirement System and the NonTeacher School Employee Retirement System. Pursuant to the statutory scheme, all employees of certain districts who are employed at least twenty hours per week and are not covered by the Public School Retirement System of Missouri are members of the Retirement System by virtue of their employment. § 169.650. The employers of Retirement System members are required to remit to the Retirement System contributions withheld

[1]. Judge Stith participated in the case at the time of submission as a member of the court and was specially assigned to remain on this case by order of the Supreme Court after her appointment to the Supreme Court.

from the member's paychecks and matching contributions, all of which are based on a percentage of the member's earnings. § 169.620. Upon retirement, the member receives benefits according to the member's years of creditable service and the member's final average salary. § 169.670.

In 1998, the plaintiffs began to inquire of the District as to whether the District should have made contributions to the Retirement System in their behalf prior to 1990. In 1999, a meeting was held between representatives of the plaintiffs and certain officials of the Retirement System which "led plaintiffs to believe that in fact, their position was correct and they were entitled to such benefits." Thereafter, plaintiffs' attorneys sent letters to the District and to the Board requesting acknowledgement of their claim, but received "no response as to the status of their request." In July 1999, plaintiffs filed an action against the District (seeking an accounting and a determination of creditable service) and against the Retirement System (for payment of amounts due based on their entire creditable service). The Retirement System answered, denying liability and raising as defenses, *inter alia*, a defense of laches and a contention that the claims were barred by § 516.110 or 516.120, which are statutes of limitations. The School District's answer denied liability and also raised defenses, including the contentions that the actions were barred by the statutes of limitation and by the doctrine of laches. In November 1999, the District filed a motion to dismiss, on the specific grounds of the statute of limitations and the doctrine of laches. In December 1999, the Retirement System filed a motion pursuant to Rule 55.27(b) for judgment on the pleadings. The Retirement System pointed out that the plaintiffs admit they have not remitted to the Retirement System the contributions required by § 169.620 for creditable service

prior to 1990, and also admit that the District did not remit contributions in their behalf. The Retirement System also argued that the claims are barred by the statute of limitations. On May 9, 2000, the trial court granted both motions to dismiss for "the reason that the statute of limitations had run." The plaintiffs appeal.

## Standard of Review

When a motion to dismiss is granted on grounds that a claim is barred by the statute of limitations, the matter will be reviewed as an issue of law. *Harris–Laboy v. Blessing Hosp., Inc.,* 972 S.W.2d 522, 524 (Mo.App.1998). Typically, the facts well pleaded in the petition will be regarded as true for purposes of the motion, and all averments will be construed liberally in favor of plaintiff. *Grus v. Patton,* 790 S.W.2d 936, 939 (Mo.App. 1990). The question is whether the pleadings demonstrate that under principles of substantive law the petition sets forth a claim upon which relief may potentially be granted. *Id.*

## Accrual of Pension Claim

Plaintiff-appellants argue on appeal that the court erred in granting the motions to dismiss because their action against the Retirement System is not barred by any statute in that the cause of action does not accrue until the appellants either retire or become disabled. They also contend that the court erred in dismissing the claim against the District because the appellants did not realize the District was "not making payments to a retirement system to which their creditable service required that contributions be made." They also contend in the same point that the court erred in its ruling because the Retirement System breached its fiduciary obligation to appellants by not protecting their rights for "granting them creditable service

whether or not such contributions were made."

Appellants argue that the force of their claim is against the Retirement System. Appellants say the School District is joined as a necessary party because it is anticipated that the Retirement System will argue that no benefits may be paid until the appropriate contributions are made. Thus, appellants imply that they want the District joined so it will be bound by any ruling herein. Appellants state, however, that their claim seeks benefits, not contributions.

Appellants note that under § 169.600(5) RSMo 1994, they are "members" of the Retirement System by "virtue of their employment ." § 169.650.1. They point out that a member is qualified for retirement when he attains five years of creditable service at age 60 or twenty-five years of creditable service at age 55. § 169.660. Creditable service, they say, refers only to service as employees and is not linked to whether contributions were made. The appellant employees argue that the statute of limitations cannot have begun to run against them because the limitations period does not begin to run until the claim has matured, that is, such as in the case of retirement or disability. Although some members are now eligible to retire, there is no allegation that any have retired or now seek retirement. Nor is there any allegation that any members have submitted formal claims for benefits under the pension plans.

The Retirement System points out that, under § 516.120(2), "[a]n action upon a liability created by a statute other than a penalty or forfeiture" must be brought within five years of the accrual of the cause of action. The Retirement System notes that the cause of action accrues when the plaintiff's damage is sustained and is capable of ascertainment. "The triggering event of the applicable statute of limitations is when damage is sustained and becomes capable of ascertainment." *Business Men's Assurance Co. of Am. v. Graham,* 984 S.W.2d 501, 507 (Mo. banc 1999). The Retirement System avoids any mention of whether the Retirement System itself had any duty to see that members were notified, identified, and collected from. However, the Retirement System argues that the plaintiffs alleged damages "are the School District's failure to remit contributions on their behalf."

## Sustained and Capable of Ascertainment

The Retirement System argues these damages were sustained and capable of ascertainment prior to 1990 because plaintiffs received paychecks that did not reflect any deductions for their portion of the contributions to the System and because plaintiffs are "presumed to know the law." [2] Thus, says the Retirement System, the plaintiffs are presumed to have known that the law required contributions to be made on their behalf. The Retirement System also argues that plaintiffs' paycheck stubs informed them that no contributions were made on their behalf. Further, in 1990, when the District began making contributions in their behalf, their paycheck stubs provided additional notice. The Retirement System also argues in behalf of the District that any claim against the District for compensation is barred because a cause of action for "additional compensation" (which is what the employer's contribution would be) accrues when

---

**2.** For this proposition the Retirement System cites *Missouri Hwy. And Transp. Comm'n v. Myers,* 785 S.W.2d 70, 75 (Mo. banc 1990) which dealt with the probate non-claim statute. The case did not involve the statute of limitations with regard to a pension claim.

payment is due but not made. The Retirement System cites for this proposition *Forry v. Department of Natural Res.*, 889 S.W.2d 838, 843 (Mo.App.1994); *Perkins v. Schicker*, 641 S.W.2d 432, 434 (Mo.App. 1982); and *Coleman v. Kansas City*, 353 Mo. 150, 182 S.W.2d 74, 78 (1944), all of which treated claims for unpaid overtime or other statutorily required compensation as having accrued at such time as the compensation became payable. The Retirement System argues that the statute of limitations began to run separately for each payment of "additional compensation" from the time each payment should have been remitted by the School District. If the pre–1990 employment was covered by the Retirement System, the members were entitled to have the contributions made on their behalf. Thus, the Retirement System argues, all pre–1990 claims are barred. We note, however, that none of the cases mentioned involved pension claims. Overtime pay is immediately payable, which distinguishes it significantly from pension payments, which are deferred. Accordingly, we do not regard these cases as authoritative.

The School District points out that in *Hildebrand v. Firemen's Ret. Sys. of St. Louis*, 527 F.2d 567 (8th Cir.1975), the United States Court of Appeals, applying Missouri law, concluded that a fireman's request for disability retirement benefits was barred by the five year statute of limitations. Plaintiff in that case had submitted a disability retirement application to the Firemen's Retirement Board. The application was denied. Five and one-half years later, the plaintiff filed a request for reconsideration, which was denied. His action filed thereafter was dismissed. The dismissal was affirmed on grounds of the statute of limitations. *Id.* at 568–569. *Hildebrand* constitutes authority for the proposition that the specific five-year statute of limitations applies to a pension claim. However, because the fireman in *Hildebrand* did not submit a claim until after his entitlement (disability) had already allegedly occurred, it does nothing to support the proposition that the statute of limitations began to run in this case at the time the contributions were not made, but should have been made.

The Retirement System disagrees with appellants about whether creditable service is independent of whether contributions have been remitted. The Retirement System says that "by necessity, creditable service and contributions must be linked together and [Retirement System] members can receive creditable service only to the extent that they and their employer school districts have remitted the required contributions." Citing no authority for this proposition, the Retirement System argues that it is not responsible in any way for years of service for which no contributions were made. The Retirement System states that it has no way of knowing whether an employee is covered or not unless the employer reports the employment and remits the contributions. It is the employer, not the Retirement System, they say, which must take the initiative to insure that employee contributions are sent to the Retirement System. Thus, argues the Retirement System, if claims against the School District are barred because of the limitations period, then claims against the Retirement System must also be barred.

The problem with this argument of the Retirement System is that the matter is one of statutory construction. It appears to us that some of the provisions of the statutory scheme are inconsistent with the Retirement System's argument. For instance, § 169.610.2 RSMo 1994 provides that the "general administration of and the responsibility for the proper operation of this retirement system and for making

effective the provisions of sections 169.600 to 169.710" is vested in the board of trustees for the Public School Retirement System as established by section 169.020. The statute appears to place on the Retirement System the responsibility of notifying school districts and employees of the legal requirement of participating in the Retirement System, and taking action to enforce compliance.[3]

Thus, even if the District has its own responsibilities under the statute, and even if the District enjoys the benefit of the limitations period, the cause of action against the Retirement System shall not necessarily be deemed to have accrued at the same time as any claim against the District.

### Legal Presumption of Knowledge of the Law

The Retirement System argues that in any event, the claims accrued long ago because the claimants are "presumed to know the law." Although it may generally be the law that individuals are "presumed to know the law," the Retirement System and the District fail to cite any authority for the proposition that this rule has been applied against pension fund claimants as a basis for invoking the statute of limitations to defeat pension claims.

Indeed, the authority we have found seems contrary. Although we find no Missouri authority directly on point, we note that the general rule is that a cause of action as to the calculation of the amount of a pension benefit accrues as to each periodic payment as it comes due. 60A Am. Jur.2nd *Pensions and Retirement Funds,* § 1736 (1988). Thus, the statute does not begin to run until the claimant has retired or otherwise qualified, and has submitted a formal claim. We find no cases indicating that a pension claimant is charged with knowledge of the law and therefore has imputed knowledge that his or her pension is not being properly funded.

Although this is not a case arising under ERISA, we note that some cases decided under ERISA, looking to the federal common law for a determination as to when a cause of action accrues, find that a cause of action accrues when the plaintiff "knows or has reason to know" that he or she has been injured. *See Bennett v. Federated Mut. Ins. Co.,* 141 F.3d 837 (8th Cir.1998). There is no imputation of knowledge based on a general presumption that the pension claimant knew the law applicable to the pension fund. Accordingly, the usual rule in an ERISA action is that the cause of action accrued after a claim for benefits has been made and been formally denied.

---

**3.** Pursuant to § 169.620, contributions of members are to be collected by the employers through paycheck deductions "in such manner and at such time as the board by rule shall require." §§ 169.620.3 and 169.620.1. The Board has the responsibility to prescribe "the manner" of remitting the contributions, and to prescribe the "supporting data." § 169.620.2. The Board may request from the employer the data necessary to administer the system and to advise each member of such member's status. § 169.620.2. If monies which should have been paid to the system are not remitted by any individual having a duty to remit, it is the responsibility of the Board of the System to bring an action "for the recovery of the amounts for which individuals are thus rendered liable." *Id.* From the foregoing provisions it may be argued that the Retirement System has an independent responsibility to see that participation and funding occur by notifying districts and employees of the law; asking for the pertinent information as to employee status; and threatening school district personnel with individual liability for failure to properly withhold and remit contributions. While the statutes place responsibilities on the school districts as well, it is not clear that the statutory scheme relieves the Retirement System of its responsibilities when districts and employees are ignorant of the law and of their duty of participation.

*Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir.1998). The exception to the rule that a claim does not accrue until there has been a formal denial comes only when there has been a clear repudiation of the claim by the fiduciary communicated to the beneficiary. *Id.* Again, however, the cause of action does not accrue based upon the pension claimant's *presumed knowledge of the pension law.*

In this case, the Retirement System might wish to show that the members in question had notice of their duty, and that of the District, to participate in the funding of the system. These factual details might relate to an issue of laches. However, the statute of limitations does not begin to run until the cause of action has accrued. Thus, it cannot be said that the defense of limitations has been established merely by the fact that the District began withholding contributions in 1990. Accordingly, we hold that the trial court erred in deciding that the statute of limitations was applicable to bar these claims as a matter of law.

We note that appellants contend on this appeal that their action is not one to force contributions from the School District. Rather, they say, it is an action for a declaration that they are entitled to benefits based on creditable service for various dates prior to 1990. Thus, their claim, they say, is actually one for benefits against the Retirement System. The appellants disavow a direct claim against the District for contributions. The Retirement System may have a claim against the District, they say; but their claim is against the Retirement System. Accordingly, we need not determine in this appeal whether a potential claim against the School District is barred by the statute of limitations.

Turning again to the claim against the Retirement System, we note that appellants have not specifically applied for a pension. Nor have the appellants pleaded that they have received a clear repudiation of their position from the Retirement System. They claim in their petition only that the *School District* did not take up the matter at a Board meeting. The pleadings thus do not show that the issue of their entitlement for creditable service is sufficiently ripe for declaratory relief against the Retirement System to be warranted. Facts must be alleged showing that the question or subject posed for declaratory relief is appropriate and ripe for judicial resolution. *State ex rel. Chilcutt v. Thatch*, 359 Mo. 122, 221 S.W.2d 172, 176 (1949). It does not appear that there has been an exhaustion of administrative remedies. The Board has not been given an opportunity to consider the specific facts of the individual claims, including facts related to the defense of laches, or other matters, such as whether the Board can require the tender of the member contributions.[4] If indeed the matter is not ripe for adjudication, the trial court should dismiss the matter without prejudice.

### Conclusion

We vacate the decision of the trial court granting a dismissal as to the Retirement System on grounds of the statute of limitations. We hold that the statute of limitations did not begin to run on the basis of imputed knowledge of the law in this case and that the Retirement System cannot rely upon a legally presumed knowledge of the law to defeat the potential claim for additional creditable service.

However, our vacation of the dismissal with prejudice, and our remand of the

---

4. Some of the provisions of the act, including § 169.620.6 and 169.620.7, indicate that the General Assembly contemplated the tender of contributions, with interest, is appropriate for the purchase of creditable service, where creditable service is not currently provided.

case, does not mean that the trial court is obligated to address claimant's requests for a declaration of the amount of their creditable service. The trial court, on remand, may consider whether the claims against the Retirement System are not sufficiently ripe for adjudication because of the lack of exhaustion of administrative remedies.

We need not decide whether a claim against the School District would be barred by the statute of limitations because the appellants deny any attempt to obtain direct affirmative relief against the District to force contributions. Accordingly, we direct the trial court on remand to dismiss the claim against the School District also unless the court determines that the claim against the Retirement System is sufficiently ripe for adjudication, and determines that the School District is appropriately joined as a necessary party.

LAURA DENVIR STITH, Sp. J. and HOWARD, J., concur.